McBRIDE, Judge.
This is a suit for the return of a deposit of $540 made by plaintiffs in connection with their offer to purchase from defendant a three-room house in Jefferson Parish. The written offer and acceptance specifically provides that the “deposit * * * is not to be earnest money, but is to be applied toward the purchase price, it being understood that the parties hereto reserve the right to demand specific performance of this agreement.” There was judgment below for Hugh A. Schuler against defendant for the amount of the claim; the claim of Schuler’s wife was dismissed. Defendant has appealed.
It is conceded by counsel that the only points in the case are whether the deposit should be returned because defendant resold the property to another purchaser, and whether the defendant, as reconvenor, •is entitled to recover from plaintiffs damages ex contractu. The offer to buy was predicated upon plaintiffs’ ability to borrow $3,200 on a homestead loan and to secure a second mortgage for $850. Schuler applied to a local homestead association for a loan of $3,200, and the homestead association, after approving the loan, referred the parties to its notary public for the purpose of having the sale and mortgage passed. In due course all necessary certificates were obtained and the act of sale was prepared, but it does not appear that the notary public ever notified Mr. or Mrs. Schuler that the transaction was ready for completion. They deny . any notification whatsoever. One of the representatives of defendant testified that he informed Mrs. Schuler by telephone that the act of sale had been prepared, was ready for passage, and that the Schulers, under their agreement, were expected to take title by December 15, 1948, the final day fixed for the' consummation of the transaction.
Schuler, a member of the United States Navy, expected to be stationed in New Orleans on shore duty, which fact prompted him and his wife to offer to buy defendant’s property. Schuler proceeded to Charleston, S. C., for the purpose of having his transfer to New Orleans effected, but the Navy Department instead sent him to Brooklyn, N. Y., for active duty. There is some testimony to the effect that while the notary public was in the process of making ready the act of sale, Schuler advised him that he was leaving New Orleans and had given his wife a general power of attorney to represent him.
The defendant, relying on the testimony of its Mr. Joseph F. Roy, contends that Mrs. Schuler thereafter informed it that she would not take title to the property. Mrs. Schuler’s story is that she called upon the salesman with whom she and her husband had negotiated, and asked him to sell the property to someone else because her husband had been sent away. The import of this testimony is that Mrs. Schuler did not want the property because her husband was in’Brooklyn and desired that the property be resold. Mr. Roy’s own testimony tends to show that there was never any .definite refusal on Mrs. Schu-ler’s part to take title, because he admits that after the date fixed in the agreement for the transfer of title, he communicated with Mrs. Schuler -by telephone in an effort *335 to “revive the sale.” We construe this as a strong indication that Mr. Roy did not believe that there had ever been an unequivocal refusal by Mrs. Schuler to comply with the obligation to buy the property. On January 21, 1949 the defendant sold the house to another party. This action of defendant was. an active breach of the contract and had the effect of dissolving the agreement of sale and plaintiffs are clearly entitled to a refund of the deposit as it was not earnest money, as was so stated in the agreement.
We find no merit in the argument of defendant that plaintiffs are not entitled to receive the deposit back because they had not placed defendant in formal default. A formal putting in mora was not necessary since defendant itself had put an end to the contract by parting with ownership of the property.
Defendant in reconvention claims several items of damages which they allege arose out of the contract. It is not necessary to set out the nature of the damages claimed as we find that the defendant cannot recover for them, as it had never placed the Schulers in default before making a resale of the property. Under the law a placing in default is necessary before a party to a commutative contract may claim damages for its breach. LSA-C.C. art. 1912. The methods of putting in default are set forth in LSA-C.C. art. 1911 and C.P. arts. 410 and 411.
Defendant contends that it was relieved of the necessity of making tender of title, or of placing the purchasers in formal default for the reason that Mrs. Schuler, as the agent of her husband, refused to go through with the transaction. Counsel argues that where a party refuses to comply with his obligation, the other party need not formally put him in default, as the law does not require one to do a vain and useless thing. But we are convinced that there was no positive refusal to consummate the transaction emanating from Mrs. Schuler, because, as we have already said, she merely informed defendant that she did hot want to take title and desired that the property be resold because her husband had been sent away from New Orleans.- The most that can be said of the Schulers is that they were guilty merely o-f a passive breach of their contract, and in such a case a putting in default is a condition precedent to a recovery either for damages or in a suit for dissolution. LSA-C.C. arts. 1931-1933; Temple v. Lindsay, 182 La. 22, 161 So. 8; Darragh v. Vicknair, 126 La. 171, 52 So. 264.
We notice that the trial judge made no disposition of the reconventional demand, and therefore the judgment appealed from is amended so as to provide that the re-conventional demand is dismissed, and as thus amended and in all other respects it is affirmed.
Amended and affirmed.