BOLIN, Judge.
Plaintiffs, husband and wife, appeal from judgment rejecting their demands for the sum of $400.
The cause of action is predicated on plaintiffs’ claim that they entered into a written contract with Denny Gamble Homes, Inc. for the purchase of two lots in Caddo Parish upon which the latter agreed to construct a house for them. All negotiations were handled between plaintiffs and Dr. Denny Gamble, as president of Denny Gamble Homes, Inc., who was joined with the corporation as defendant. Plaintiffs say defendants never completed the construction as contracted but, to the contrary, sold the lots to a third person. They accordingly brought suit for the return of the $400 which had been deposited by them under the contract. The lower court rejected plaintiffs’ demands and orally assigned as the reason therefor, which is found in the transcript, that plaintiffs had failed to prove their case by a preponderance of evidence.
The written contract, designated as a “sales contract and receipt for part payment,” was introduced in evidence. Essentially it provided that plaintiffs had deposited with the defendant the sum of $400 which was to be held in escrow by Denny Gamble Homes, Inc., and applied as part of the purchase price. Inserted as a special agreement was the following phrase: “House to be built on separate contract.” The terms of the sale were stated to be: “Four Hundred ($400.00) and no/100 Dollars down and balance to be financed.” There was also a provision that the initial deposit of $400 was “not” to be considered as earnest money. However, the word “not” was stricken from the printed form and there is some serious dispute as to whether this word was removed from the contract before or after same was executed. The contract further provided that failure of either party to comply with the obligations of paragraph 5, relative to rendering the title merchantable, “shall constitute a default and shall entitle the other party to specific performance.” While we think all of these provisions read together negate the conclusion that the deposit was to be considered earnest money, we deem a determination of the issue immaterial to our decision in view of our conclusion which follows.
It is our opinion the judgment appealed from is erroneous. By the terms of the written contract, defendant was obligated to construct a house on the two lots in question and the evidence is undisputed that no such house was ever constructed. Gamble does offer, as explanation why such construction was not completed, the contention that plaintiffs had agreed to accept an old house which was moved on the lot, rather than require the construction of a new one. Conceding the testimony reflects there were negotiations *458 subsequent to the original contract, relative to moving a house on the land, we think the testimony further reflects no house was ever rendered acceptable to plaintiffs. In any event, no house was constructed on the lots as provided in the sales contract and therefore the provisions therein have been breached by defendants.
It is clear defendants never in any way placed plaintiffs in default by demanding they accept the old dwelling that had been moved onto the property. Instead, defendants sold the property to a third person and put it out of their power to perform specifically should plaintiffs have sought such relief. By this action, as well as by their failure to build the house, they have actively breached the contract. LSA-Civil Code, Articles 1931, 1932. See Elliott et al. v. Dupuy et al., 242 La. 173, 135 So.2d 54, 58 (1961) where it is said:
“ * * * When the obligor has conducted himself in a manner so inconsistent with his obligation as to preclude the likelihood of his entertaining a desire to perform, the obligor is automatically placed in default by his own act. The Civil Code labels such a situation an active breach, which extends, among many other instances, to the obligor’s disposition of the subj ect matter of the contract in a manner contrary to the obligation, and also to the obligor’s deliberate refusal or acknowledged inability to perform. The reason why a putting in default is here unnecessary is that the law will not require a vain and useless thing of the obligee, such as an actual putting in default.”
In view of the fact that an action for specific performance would have been a vain and useless proceeding we think the plaintiffs were entitled to treat the contract as rescinded and to sue and recover the $400 deposit so as to restore them to their status quo. See Shuler et ux. v. A. K. Roy, Inc. (La.App., Orleans 1953) 65 So.2d 333.
For the reasons assigned, the judgment appealed from is reversed and there is now judgment in favor of plaintiffs and against defendants for the sum of $400, plus legal interest from judicial demand until paid, together with all costs.
Reversed and rendered.