350 So.2d 1259 (1977)
Mr. & Mrs. Karl W. BECKER et al.
v.
Mrs. Carol Wilkerson JOHNSON et al.
No. 8595.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
Charles F. Barbera, Metairie, for plaintiffs-appellees.
Gregory M. Porobil, Pitard, Pitard & Porobil, New Orleans, for defendants-appellants.
Before REDMANN, SCHOTT and BEER, JJ.
REDMANN, Judge.
Defendants appeal from a judgment which declared forfeited their $4,600 deposit on an agreement to purchase a house and which also awarded a real estate agent a commission. We reverse.
The only breach of the buy-sell agreement that plaintiffs' petition alleged was defendants' failure to accept a loan commitment. But that failure was no breach. The loan was not an obligation upon defendants. Their "ability" to obtain the loan was a condition in defendants' favor (and that condition was fulfilled: they were indeed able to make the loan, as the lender's commitment proved). Accordingly, that failure does not excuse plaintiffs *1260 from the necessity of putting defendants in default.
Defendants' answer (after pleading an error of fact as invalidating their contract) pleaded "that their refusal to sign the loan commitment . . . does not constitute a default under the terms of said [buy-sell] agreement; and that, therefore, defendants were not put in default by a tender of title as specified in said agreement."
Plaintiffs nevertheless neither pleaded nor proved the putting in default required both by general law, C.C. 1933, and (as to sellers' right) the agreement itself. (Under the agreement the seller may declare the deposit forfeited "without formality beyond tender of title to purchaser." Thus tender is a prerequisite, even if as the evidence may suggest the purchaser gave some indefinite verbal indication he did not want to purchase, Schuler v. A. K. Roy, Inc., La. App.Orl.1953, 65 So.2d 333.) Accordingly plaintiff sellers are not entitled to declare the deposit forfeited.
Nor is plaintiff agent entitled to a commission. The contractual provision that commission is earned when the agreement is signed and the loan secured does not, in the first place, entitle the agent to commission irrespective of subsequent events; Williams v. Bel, La.1976, 339 So.2d 748. Furthermore, the agent is entitled to collect his commission from the purchaser, under the buy-sell agreement, only in the event the purchaser "fails to comply with", i.e., breaches, the agreement. For the agent to recover on the buy-sell agreement (as distinguished from the listing agreement with the seller), he must show either that purchaser or seller breached or that purchaser agreed with seller to rescind; see Andrew Dev. Corp. v. West Esplanade Corp., La. 1977, 347 So.2d 210. There is no hint of a rescission. And there is no evidence that defendants breached: to the contrary, the testimony of plaintiff agent's own employee, proffered and incorrectly ruled inadmissible, is that plaintiff sellers and agent together executed an agreement to resell the house to a third party on April 11, 19 days after the agreement here sued on, while defendants' loan application was pending and three days before the loan commitment was made. The only explanation of the resale was that plaintiff sellers' lawyer had written the agent that the property was "back on the market." The agent thus had not even "earned" the commission he now sues for (since the loan had not yet been secured) at the time he admits he actively breached the agreement (see Schuler, supra ). Unless the agent has established an active anticipatory breach by defendants prior to April 11, he is not entitled to commission from defendants. The "breach" (of the loan commitment) alleged by the petition came after April 14.
Defendants had earlier expressed some disinclination to perform this contract (although "not really" a decision not to buy). That disinclination was expressed to defendants' own real estate agent whose firm plaintiffs made a party defendant to demand that it present its claim for half the commission as provided in the buy-sell agreement, resulting in its answer that the firm "does not desire to assert any claim for any real estate commission arising out of the transaction which forms the basis of this suit." Yet plaintiffs successfully objected to defendants' agent's being allowed to testify, and also successfully objected to defendant husband's stating the reason for his disinclination to buy namely, as his answer pleaded as an invalidating error (a contention we do not decide [1] that he had been induced to offer $46,000 by being told that the sellers had paid $44,000 for the house 19 months earlier when in fact they bought for only $37,900. No doubt defendants felt imposed upon. But our conclusion is that plaintiff agent did not prove a breach by defendants which alone would make them liable for the agent's commission if any is due.
Reversed at plaintiffs' cost.
NOTES
[1] See C.C. 1823, 1824, 1825, 1826, 1842, 1845, and 1847(3) and (4).