EDWARD HALL BARTON *v.* ELLEN KIRKMAN.

The use which the owner has intentionally established on a particular part of his property in favor of another part, is equal to a title, with respect to perpetual and apparent servitudes thereon. C. C. 763.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Benjamin*, for the plaintiff.

*Elwyn*, for the appellant.

SIMON, J. The plaintiff complains that, having purchased of the defendant one of her four lots, with all the improvements thereon erected, situated furthest from Natchez street, and adjoining the property of William Brand, together with *all the rights, ways, privileges* and *advantages* thereunto belonging, which property was delivered to him with doors opening into a certain yard, (described in the petition,) on the ground floor, and windows opening into it on the second and third stories, thus establishing in favor of the property by him owned *a servitude, on said yard* of way, use, light, and view, which servitude in its nature was real, apparent and continuous, and existed at the time of the sale and delivery; he was enjoying quietly all the advantages resulting from said servitude, when the defendant interrupted and impeded said quiet possession and enjoyment, by employing workmen who, under her control, and by her orders, closed up the doors which gave egress from his property into said yard, by building up a wall of bricks and mortar in the apertures, and building a shed against said doors, &c., causing him damage to the amount of three thousand dollars. He prays that the servitude may be re-

stored as it originally existed, with a perpetual injunction on the defendant from constructing any work, or doing any act which may impede or obstruct the use of the said yard, or the enjoyment of the servitude thereon ; and for judgment against the defendant for $3000 damages, &c.

The defendant pleaded the general issue, and judgment having been rendered against her, she has appealed.

The record is accompanied by a plan showing the situation of the premises, and the extent of the yard upon which the plaintiff claims his right of servitude.

It appears that the defendant, being the owner of a piece of ground situated at the corner of Natchez and Magazine streets, constructed thereon four three story brick buildings, and that for that purpose, the whole ground having been divided into five different lots, the buildings were erected on four of them, leaving the fifth portion vacant to serve as a common yard for the four buildings. According to the contract for building the four houses, which contract was produced in evidence, they were built with doors opening from each lower story into the yard, and windows opening from all the upper stories into said yard. The property was in that situation, when one of the lots and improvements was sold and delivered by the defendant to the plaintiff.

This case presents a mere question of fact ; and from an attentive examination of the evidence, we are satisfied that the plaintiff has satisfactorily made out his case. He has shown that the whole lot belonged to the same proprietor, and that the things have been placed by her in the situation from which the servitude, by him claimed, results. It is clear that the servitude is within the provisions of arts. 763 and 764 of the Civil Code, and that the defendant, by whom it was established, has now no power to destroy it. The use, says the law, which the owner has intentionally established on a particular part of his property in favor of another part, is equal to a title, with respect to perpetual and apparent servitudes thereon.

*Judgment affirmed.*