**(120 So. 57)**

No. 29123.

**MENDOZA v. GLORIOSO.**

Jan. 2, 1929.

Rehearing Denied Jan. 28, 1929.

H. W. Robinson, of New Orleans, for appellant.

U. Marinoni, Jr., and Michel Provosty, both of New Orleans, for appellee.

BRUNOT, J. █ The plaintiff owns the property municipally numbered 1917–19 North Roman street, in the city of New Orleans, measuring 32 feet 4 inches, and two lines front on North Roman street, in the square bounded by Bourbon, North Prieur, Touro, and North Roman streets. Plaintiff entered into a written contract to sell said property to the defendant for $4,500. A survey of the property shows that the building thereon encroaches on the sidewalk 1.2 inches. By reason of this encroachment of the building upon the sidewalk, the defendant declined to take title to the property and to pay the price therefor, and plaintiff brought this suit for specific performance. The suit was met by an exception of no cause of action, which was sustained, and, from a judgment dismissing the suit, the plaintiff appealed.

The district judge, in his opinion, says:

"The decision of this case, therefore, absolutely depends upon the question as to whether or not the City of New Orleans, to whom the Sovereign State of Louisiana has delegated certain governmental powers, can at any time it sees fit, cause this encroachment upon the locus publicus to be removed."

We concede that the learned judge has correctly stated the question upon which the decision of the case hinges, but, in our opinion, he erroneously concluded, doubtless because his attention was not called to article 862 of the Revised Civil Code, that the powers of

the city in respect to the removal of structures erected upon the public way was unlimited. Article 862 of the Revised Civil Code is decisive of this case. It is as follows:

"If the works, formerly constructed on the public soil, consist of houses or other buildings, which cannot be destroyed, without causing signal damage to the owner of them, and if these houses or other buildings merely encroach upon the public way, without preventing its use, they shall be permitted to remain, but the owner shall be bound, when he rebuilds them, to relinquish that part of the soil or of the public way, upon which they formerly stood."

It is a matter of common knowledge that probably the stoops of 10,000 houses in the city of New Orleans rest upon the sidewalk, and, as long as their encroachment upon the public way does not prevent its free use by the public, the owners thereof are protected by the provisions of article 862, C. C.

For the reasons stated, it is decreed that the judgment appealed from be and it is avoided, the exception of no cause of action is overruled, and the case is remanded to be tried according to law and the views herein expressed; appellee to pay the costs of appeal.

O'NIELL, C. J., concurs in the decree, but does not consider the case of a doorstep projecting on the sidewalk an appropriate illustration.