26 So.2d 140

DE SALVO v. DOLL.

No. 37875.

March 18, 1946.

Rehearing Denied April 22, 1946.

. Edward A. Parsons, of New Orleans, for defendant-plaintiff in reconvention, appellant.

Yarrut & Fishman, of New Orleans, for plaintiff-appellee.

HAWTHORNE, Justice.

Plaintiff instituted this suit to annul and set aside a contract to purchase certain real

estate and to recover the amount deposited to bind said contract together with certain expenses incurred by him thereunder. Defendant admitted the execution of the contract and the making of the deposit, and reconvened for specific performance. The district court rendered judgment for plaintiff as prayed for and dismissed defendant's reconventional demand at his costs. From this judgment defendant has appealed.

The material facts are as follows:

Plaintiff, Anthony De Salvo, joined by his wife, on February 2, 1944, signed a written offer to purchase certain property situated in the City of New Orleans, bearing Municipal Nos. 4112–4114 Eagle Street, in the Seventh District, Square 650, bounded by Eagle, Marks, General Ogden, and Pear streets, measuring 30 feet front on Eagle Street by 120 feet in depth, "as per title more or less". This offer was accepted by defendant, Emile B. Doll, the owner of the property, on February 3. Plaintiff in accordance with the terms of the contract then deposited the sum of $420 with defendant, which amount represented 10 per cent of the proposed purchase price of $4200.

On March 25, 1944, in the course of the examination of the title to the property involved, a survey was made which disclosed that the improvements on the property encroached on Lot 3, which adjoins it on the Marks Street side, from six inches, three lines, to four feet, nine inches, five lines, and encroached on Lot 24, which adjoins it at the rear, from four inches, six lines, to nine inches, four lines.

At the time the offer to purchase the property was made, which had been accepted by defendant, plaintiff had no knowledge of these encroachments and did not learn of their existence until after this survey was made. When he learned of these encroachments, plaintiff advised defendant that he would not accept title to the property and requested a refund of his deposit, which was refused by the defendant.

Defendant's author in title, the Carrollton Land Company, acquired on August 18, 1909, the whole of Square 650 in the Seventh District of New Orleans, which square was divided into lots numbered one to 24, both inclusive. In 1925 the Carrollton Land Company constructed the improvements on Lot 4 (the property here involved), bearing Municipal Nos. 4112–4114 Eagle Street, which improvements encroached on the adjacent Lots 3 and 24 as hereinabove set forth. At the time these improvements were constructed, the land company was the common owner of Lots 3, 4, and 24. Subsequently, on February 9, 1926, the company by separate deeds conveyed to the Phoenix Building and Homestead Association Lots 3 and 4, with all buildings, improvements, and servitudes thereon, and on July 8, 1926, sold Lot 24 to the St. Mark African Methodist Episcopal Zion Church. Defendant herein by mesne conveyances acquired Lot 4, the property in question.

Defendant in his answer and reconventional demand sets forth, and also contends in brief and argument before this court, that the construction and location by the Car-

rollton Land Company, common owner of Lots 4, 3, and 24, of the improvements constituted a destination du père de famille, equivalent to title under the law, and that the title to Lot 4 and to the building Nos. 4112–4114 Eagle Street as appurtenant was also good in law; or, in other words, that the destination which the Carrollton Land Company gave the lots, when it owned all of them, by erecting the improvements designated as Nos. 4112–4114 Eagle Street was a consecration of the property to that use and was an alienation of those parts of Lots 3 and 24 upon which the improvements rested, equivalent to a continuous servitude thereupon, and that this constituted a destination du père de famille which gave to the owner of the premises Nos. 4112–4114 Eagle Street the right to continue the use and occupancy thereof as fully as if the title were vested in fee simple. For these reasons defendant prays for specific performance of the contract.

Plaintiff, on the other hand, contends that an error of fact existed with reference to the principal cause of the contract sufficiently serious to warrant a rescission and also that the title is reasonably suggestive of litigation because of the encroachments.

The facts in the case of Jacobs v. Freyhan, 156 La. 585, 100 So. 726, 728, are almost identical with those in this case, and the issues there raised and carefully considered by this court are the same as those presented in the case now before us, and the holding in that case is decisive of the present case. In that case this court said:

"* * * In these circumstances, to require him to take the property in the condition which the survey showed it to be would be to make for him a contract by judicial mandate which he clearly never intended to enter into, and which, as evidenced by this litigation and the efforts to straighten out the title so that he might comply, he would not have made. There was, therefore, no meeting of the minds, or at least an error of fact as to a material part of the agreement which renders it ineffective as to plaintiff. * * *

"In the present case, however, plaintiff made a contract to buy the property, including the fee itself, and the defendants obligated themselves to deliver the premises by municipal numbers, after they had been pointed out upon the ground with improvements and inclosures as they stood. Plaintiff never for one moment thought of buying property as to which he would have to depend upon a servitude on the land of another for its use and enjoyment, and perhaps become involved in litigation with such other person for the vindication of that right. Hence, our conclusion is that he should be relieved from any liability under the contract. R.C.C. arts. 1819, 1823; Bodcaw Lumber Co. v. White, 121 La. 715, 46 So. 782."

It is true that under Article 767 of the Revised Civil Code the destination made by the owner is equivalent to title with respect to continuous apparent servitudes. However, under Article 768 such intention is never presumed until it has been proved that both estates, now divided, have be-

longed to the same owner, and that it was by him that the things have been placed in the situation from which the servitude results. To require plaintiff to purchase the property may result in requiring him to prove, in order to have the use and enjoyment of the property, that the lots, now divided, had belonged to the same owner, and that such owner had placed the things in the situation from which the servitude results, or by such proof establish that it was the intention of the common owner to constitute a destination du père de famille, which intent is never presumed.

Further, any judgment that we might render herein, holding that the common owner of the properties, Carrollton Land Company, had constituted a destination du père de famille, would not be binding on the owners of the adjacent properties, who are not parties to this suit, this being a suit for specific performance on the part of defendant against plaintiff, who is not the owner of any of the properties.

Defendant in brief filed in this court states that in the case of Jacobs v. Freyhan, supra, the issue of destination du père de famille, not having been raised in the district court, was not before the Supreme Court and never should have been considered, and that this court's discussion thereof was obiter dictum.

We have examined the original briefs filed in this court by both appellants and appellee in that case, and find that the question of destination du père de famille was briefed and fully discussed by both litigants in that suit, and the opinion itself shows that it was an issue in oral argument before this court. But, be that as it may, we think the reasons set forth in that case, as well as the decree rendered therein, are sound, and constitute good law, and we now reaffirm them.

Appellant cites and relies on the case of Mendoza v. Glorioso, 167 La. 701, 120 So. 57. In that case plaintiff sued for specific performance under a written contract by which he had agreed to sell certain property situated in the City of New Orleans. Defendant declined to take title for the reason that the improvements situated on said property encroached on the sidewalk 1.2 inches. The district court sustained an exception of no cause of action to plaintiff's petition, and he appealed to this court. This court reversed the decision of the lower court, overruled the exception of no cause of action, and remanded the case to be tried according to law. We did not, however, decide that plaintiff therein was entitled to specific performance of the contract, for, as stated in the opinion, the only question before this court was whether or not the City of New Orleans, to whom the Sovereign State of Louisiana has delegated certain governmental powers, can, at any time it sees fit, cause the encroachment of the property on the locus publicus to be removed. This question, we said, was fully answered by Article 862 of the Revised Civil Code, which limits the powers of the municipality to cause such removal where the improvements cannot be destroyed without causing signal dam-

age to the owner of them and where these improvements merely encroach upon the public way without preventing its use. For these reasons we do not think that that case is authority for the position taken by appellant.

Appellant cites also numerous cases in support of his contention that he is entitled to specific performance, among these being Barton v. Kirkman, 5 Rob. 16; Roy v. Roy, 5 La.Ann. 590; Lavillebeuvre v. Cosgrove, 13 La.Ann. 323, and Woodcock v. Baldwin, 51 La.Ann. 989, 26 So. 46.

A careful reading of these cases discloses that in each the litigation was carried on between the owners of adjacent properties, and that in each it was held that the destination made by the owner is equivalent to title with respect to continuous apparent servitudes, under Article 767 of the Revised Civil Code, or that the common owner of several tracts of land consecrated the property to a particular use, which constituted the destination du père de famille.

In the instant case, however, the issue is not between adjacent landowners but between a landowner and a third party against whom the landowner is seeking specific performance of a contract to purchase the property.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay all costs.

FOURNET and KENNON, JJ., take no part.