48 So.2d 896

**PAPALIA et ux. v. HARTSON et al.**

**No. 40074.**

Nov. 6, 1950.

---

Ponder & Ponder, Amite, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Joseph A. Sims, Dist. Atty., Hammond, Erlo J. Durbin, Asst. Dist. Atty., Denham Springs, for appellee.

Puneky & Barrios, New Orleans, for appellants.

Benjamin Washastrom, New Orleans, for appellees.

McCALEB, Justice.

Appellees move to dismiss this appeal on the ground that the amount in dispute does not exceed $2000 and therefore is not within the appellate jurisdiction of this court as defined by Section 10 of Article 7 of the Constitution.

The controversy arises out of a contract for the purchase and sale of real estate. It is alleged that appellees made an offer to purchase the property for $6000 and, upon acceptance by the owners, deposited with the real estate agency handling the sale the sum of $600 to guarantee performance of their obligation; that the owners were bound under the agreement to deliver a merchantable title but that they were unable to do so as a survey of the land revealed that the improvements encroached upon adjoining property; that, accordingly, appellees are entitled to a return of their deposit of $600 and to recover $60 for damages sustained by them as a consequence of the breach of contract. Joined as defendants are the owners of the property and the real estate agency having possession of the deposit.

The owners pleaded that they have a good and merchantable title and reconvened for a forfeiture of the $600 deposit, as liquidated damages, claiming that the contract was breached through the fault of appellees. The real estate agency made the same contention and demanded, in reconvention, $300 as its commission provided for under the contract.

After a hearing on these issues, there was judgment for appellees and appellants (defendants below) appealed to this court.

It is perfectly apparent that the controversy involves no more than $660—the amount that appellees claim they should recover by reason of appellants' breach of contract. Of course, it is necessary for the court to consider the rights and liabilities of the parties under a contract to purchase real estate for the sum of $6000 and, if appellees had found it imperative to sue for a rescission of the contract because the owners were insisting upon a specific performance, the amount involved would come within our appellate jurisdiction. But such is not the case forasmuch as the owners waived any claim they might have had for a specific performance and elected to reconvene for a forfeiture of the deposit ($600) as liquidated damages. Therefore, even if the suit be viewed as one for the rescission of a contract to purchase real estate, as was found in De Salvo v. Doll, La.App. 21 So.2d 60, and not merely for the return of a deposit, as in Richardson v. Charles Kirsch & Co., 191 La. 991, 187 So. 1, and Villemeur v. Woodward, 171 La. 831, 132 So. 361, it is plain that the case is not appealable to this court as appellees' claim-

ed damages amount to no more than $660 and their maximum liability under the contract, in view of appellants' waiver of their right to claim specific performance, does not exceed $600.

Accordingly, the motion to dismiss is sustained and it is ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that the record is filed in that court within thirty days from the date upon which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this court shall be paid by appellants.