McBRIDE, Judge.
This appeal, which was transferred to us by the Supreme Court, see 218 La. 200, 48 So.2d 896, involves a claim made by the plaintiffs for $660.00. Mr. and Mrs. Papa-lia, the plaintiffs, on August 26, 1949, *776 agreed by written contract to purchase from Mr. and Mrs. Hartson, through the real estate brokerage office of Victor Clesi Realty, Inc., the premises 2135 Fern Street for $6,000.00, and in accordance with their contract deposited the sum of $600.00 with the real estate broker.
A survey disclosed that the overhead gutter, running the full length of the building, which is located on lot 14, encroaches over the line of lot 15 adjoining, hence this suit by which plaintiffs seek to recover from the Hartsons and the real estate broker, solidarily, the return of the deposit, plus the further sum of $60.00 from the Hart-sons, representing legal expenses incurred in having title to the property examined. From a judgment in favor of plaintiffs as prayed for, all defendants perfected this appeal.
It is conceded that the overhead gutter extends over the line of lot 15 to the extent of six inches, and this being so, there is no doubt that plaintiffs were entitled to recede from their bargain and demand the return of the deposit, plus the amount of their legal expenses.
In Jacobs v. Freyhan, 156 La. 585, 100 So. 726, 728, the Supreme Court, in a case involving a like situation, held: “In the present case, however, plaintiff made a contract to buy the property, including the fee itself, and the defendants obligated themselves to deliver the premises by municipal numbers, after they had been pointed out upon the ground with improvements and inclosures as they stood. Plaintiff never for one moment thought of buying property as to which he would have to depend upon a servitude on the land of another for its use and enjoyment, and perhaps become involved in litigation with such other person for the vindication of that right. Hence, our conclusion is that he should be relieved from any liability under the contract. R.C. C. arts. 1819, 1823; Bodcaw Lbr. Co. v. White, 121 La. 715, 46 So. 782.”
The principal contention made by the defendants is that title to both lots 14 and 15 at one time vested in Manuel Picone, who1 erected the gutter on 2135 Fern Street, and counsel say that the encroachment onto lot 15 constituted a destination du pere de famille in favor of lot 14, which is equivalent to title under the law, and that plaintiffs are therefore bound by their contract to purchase.
The Supreme Court, in DeSalvo v. Doll, 209 La. 1063, 26 So.2d 140, 142, was confronted with the identical issue. After quoting the above language from Jacobs v. Freyhan, supra, the Court said: “Further, any judgment that we might render herein, holding that the common owner of the properties, Carrollton Land Company, had constituted a destination du pere de famille, would not be binding on the owners of the adjacent properties, who are not parties to this suit, this being a suit for specific performance on the part oí defendant against plaintiff, who is not the owner of any of the properties.”
Defendants sought to avoid the impact of DeSalvo v. Doll by showing that the purported owner of lot 15, by authentic act, which, incidentally, bears a date subsequent to the filing of the suit, took cognizance of R.C.C. art 767, recognized the servitude in favor of lot 14, and agreed to permit the gutter overhang to remain as long as the present building exists. This circumstance, counsel maintain, eliminates all necessity of plaintiffs, in the event of their acquiring lot 14, of ever having to establish the fact of the destination du pere de famille.
Counsel’s argument is fully answered by what this court said in Schill v. Churchill, 11 La.App. 181, 123 So. 139, 140: “* * * It is quite probable that the owner of the contiguous estate would not have been successful in an attempt to enforce the removal of Mr. Schill’s improvements, but there would always have been the possibility of a lawsuit to enforce their removal, and there would always have been the possibility of the loss of the servitude by the destruction of the improvements. * * ”
Another of defendants’ contentions is that plaintiffs, who made a visual inspection of the premises before submitting their offer to purchase, had knowledge of the situation. In support of this contention defendants rely on the case of Hunley v. As *777 cani, 174 La. 712, 141 So. 385, which we deem inapposite here and shall not discuss.
There is no proof in the record that plaintiffs noticed the irregularity in the overhead gutter, and as the gutter encroached but slightly over the line of the adjoining property, it would be unreasonable to charge with knowledge of the encroachment one who merely inspected the property with the naked eye.
Under the authority of Jacobs v. Freyhan, supra, plaintiffs’ expenses, which were amply proved, are allowable.
The judgment appealed from is affirmed.
Affirmed.