137 So.2d 500 (1962)
CLESI, INC.
v.
Philip QUAGLINO, Jr., and Joseph A. Quaglino.
No. 283.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
*501 Dodd, Hirsch, Barker & Meunier, Harold J. Lamy, New Orleans, for plaintiff-appellee.
Sam Monk Zelden, Max Zelden, New Orleans, for defendants-appellants.
Before REGAN, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
Plaintiff, a corporation engaged in the real estate business as a broker and acting in that capacity as agent for defendants, *502 obtained purchasers for a certain frame duplex in the City of New Orleans owned by defendants. Purchasers and defendants thereupon executed one of the standard forms of contract to buy and sell.
The contract stipulated a sale price of $14,750.00 and provided for a portion thereof to be paid in cash with the balance subject to a loan or loans. It also obligated defendants to pay the agent's commission of 5%, and provided that said commission would be earned by the agent when the agreement was signed by both parties and when the mortgage had been secured. Two other provisions of the contract are pertinent to this case: (1) a commitment by a lender to make the loan subject to approval of title constituted securing the mortgage under the contract, and (2) either party failing to comply with the terms of the contract became obligated to pay the agent's commission and all fees and costs incurred in enforcing collection thereof.
Less than two weeks thereafter a commitment was obtained from a New Orleans homestead to make the loan specified in the contract "subject to title examination and approval by attorney".
The sale was never passed due to the fact that the homestead attorney did not approve the title for the reason that a survey revealed a number of encroachments by the subject property on adjoining properties. The record reveals that some efforts were made to correct the objectionable encroachments but to no avail.
Subsequently defendants placed the property with a different real estate agent, a new purchaser was obtained, a different homestead approved a loan (larger than the first loan) using the same survey, and the property was sold for $17,500.00. The approval of the title by the second homestead took place approximately six months after the title was refused by the first.
Plaintiff then instituted this suit for its commission in the amount of $737.50, plus attorney's fees. There was judgment in the trial court in favor of plaintiff in the sum of $737.50 plus attorney's fees of $125.00, with interest and costs. The judgment also awarded an expert's fee in the amount of $50.00. Defendants have appealed from this judgment. Plaintiff has answered the appeal seeking an increase in the amount of the attorney's fee from $125.00 to $500.00 and an increase in the expert's fee from $50.00 to $100.00.
Approval or disapproval of a title by a lending agency or attorney does not, in itself, render that title merchantable or unmerchantable. Whether or not a title is merchantable is a question of law under the particular facts involved. The subsequent approval of title in the instant case is not proof that the title was merchantable. In addition, although the record is not completely clear on this point, it does appear that the encroachments were cleared up by purchase of the narrow strip of property encroached upon, such purchase apparently having been made by the person or persons who subsequently took title in the sale which was consummated.
As revealed by the survey the principal encroachment in the instant case was by the main building itself, which encroached on the adjoining property to the rear to the extent of 4 inches with the gutter itself encroaching some 10 inches. In addition, on another side of the property, there was an encroachment by a shed of 1 foot, 4 inches and 5 lines, and there were two fence encroachments varying from 6 inches to 1 foot, two inches on one side and of 2 inches on another side.
We are convinced that these encroachments rendered the title unmerchantable. Our law is well settled to the effect that encroachments, even though comparatively small (and the contrary is true in the instant case), render title unmerchantable. Rodriguez v. Shroder, La.App., 77 So.2d 216; Papalia v. Hartson, La.App., 52 So.2d 775; Jacobs v. Freyhan, 156 La. 585, 100 So. 726.
*503 Our law is equally well settled to the effect that a real estate broker, in the absence of notice to the contrary, has the right to act upon the assumption that his principal has a marketable title and that the inability of the owner to deliver valid title at the time he agreed to sell will not relieve him of the obligation to pay the commission. Treadaway v. Amundson, La. App., 88 So.2d 67; Leaman v. Rauschkolb, La.App., 1 So.2d 338; Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556.
We now address ourselves to the questions of attorney's and expert's fees presented by plaintiff in answer to the appeal.
In this suit for $737.50 the trial court allowed an attorney's fee of $125.00. We are of the opinion that such an allowance is not inadequate.
Nor can we increase the expert's fee as sought by plaintiff. Under 1 LSA-C.C.P. Art. 2164, requiring us to render a judgment which is just, legal and proper upon the record on appeal and regardless of whether a particular point has been made or argued, we must disallow that fee entirely. The expert involved, Mr. J. D. Dresner, a well known New Orleans attorney, was the attorney for the first homestead committed to make the loan. He was called by plaintiff to testify, as an ordinary witness, to facts involving that loan and, as an expert witness, on the question of the merchantability of the title involved in the instant case.
The testimony of an expert, with the attendant right to express opinions and conclusions, is proper for the purpose of assisting the court only in those fields in which the court lacks sufficient knowledge to enable it to come to a proper conclusion without such assistance. It is not proper in the field of domestic, as distinguished from foreign, law in which the court itself is the expert.
For the reasons assigned, only in so far as it awards and fixes an expert's fee, the judgment appealed from is annulled, avoided and reversed; in all other respects the judgment appealed from is affirmed; costs to be paid by the appellants.
Affirmed in part; reversed in part.