REGAN, Judge.
The plaintiff, Norman Lind Young, filed this suit against the defendants, Mrs. Helen W. Stevens and Latter and Blum, Inc., endeavoring to recover the sum of $2,475.-00[1] representing a deposit made by him with Latter and Blum upon the acceptance by the principal defendant of his offer to purchase her property designated by the municipal number, 1228 Arabella Street, in the City of New Orleans. The plaintiff predicates the success of his suit upon the fact that there were fence and driveway encroachments by an adjoining neighbor’s property, that is, Mrs. James Gresham’s, upon Mrs. Stevens property which rendered her title unmerchantable.
The defendant answered and admitted the existence of the encroachments; however, she denied that they rendered the title to the property unmerchantable. She then reconvened against the plaintiff for recovery of the real estate agent’s commis-’ sion and for a reasonable attorney’s fee for the reason that he refused to accept title to the property without just cause.
Finally, the defendant, Mrs. Stevens, filed a third party petition against the owner o£ the adjoining property, Mrs. Gresham, requesting indemnification for any sum which I she may be ordered to pay in the event of a judgment rendered in favor of the plaintiff. •• .-Cf
The other defendant, Latter and Blum, Inc., answered and asserted therein that it retained the plaintiff’s deposit in its fiduciary capacity subject to the orders of the court. It also reconvened requesting the rendition of a judgment in its favor in the amount of $1,485.00, representing the contractual commission of 6%, together with a reasonable attorney’s fee. However, no demand was made by Latter and Blum, as agent, upon its client, the defendant, Mrs. Stevens, for its commission.
In response to the principal defendant’s third party petition, Mrs. Gresham pleaded *266 the exceptions of prescription and no cause of action. The record fails to disclose that these exceptions were disposed of by the trial court.
In the wake of these precedural gymnastics, the original litigants herein filed motions for summary judgment, predicated upon a joint stipulation of facts.
Judgment was thereafter rendered in favor of the defendant, Mrs. Stevens, awarding her the sum of $2,475.00, the amount of the deposit. Judgment was also rendered in favor of the agent, the defendant, Latter and Blum, Inc., and against the .plaintiff in the amount of $1,485.00 representing its commission.
From that judgment, the plaintiff has prosecuted this appeal.
Mrs. Stevens has answered the plaintiff’s appeal requesting an additional award of $500.00 for an attorney’s fee.
In conformity with the motion for a summary judgment, the litigants stipulated that they entered into the agreement to purchase and sell the property on March 19, 1965-.
The encroachments by Mrs. Gresham’s property upon the defendant’s property, as shown by a survey dated May 4, 1965, consists of a cement drive strip with a maximum encroachment of one foot and a fence encroachment of one foot three inches. In addition thereto, at the rear of the lot there is an encroachment by the defendant’s fence upon a neighbor’s property of ten inches and six lines, together with a fence encroachment by the defendant’s property of six inches at the Perrier Street side thereof.
It was also stipulated that before the plaintiff executed his offer to purchase he made a visual inspection of the premises, at which time the fence and driveway were located in the described positions, which is confirmed by the survey thereof. In addition, all parties agree that despite notification by the plaintiff that he did not intend to purchase the property subject to these encroachments, the defendant, Mrs. Stevens, made no effort to have the encroachments removed.[2] Finally, it was stipulated that a reference was made to a survey revealing the encroachments in an act of sale dated July 13, 1962, wherein Mrs. Stevens acquired the property.
For the purposes of this appeal, we shall pretermit a discussion of fence encroachments by the defendant’s property upon neighboring property to its rear and on its Perrier Street side.
The significant encroachments are those emanating from the property owned by the third party defendant, Mrs. Gresham, upon the property of the defendant, Mrs. Stevens.
Mrs. Gresham’s concrete driveway strip, to reiterate for the purpose of emphasis, encroaches upon the defendant’s property to the extent of one foot at the front of the property and tapers back in a diminishing width to a point on the side property line nearest Prytania Street about twenty-five feet from the front of the lot. There is also a fence encroachment upon the property on the same side beginning approximately halfway from the front of the lot of one foot and three inches, narrowing to the property line at a point approximately two-thirds of the distance from the front of the lot.
The foregoing illucidation reveals that the fundamental issue posed for this court’s consideration is whether the two encroachments hereinabove described, together with the legal position that Mrs. Gresham has taken herein, render the title to the defendant’s property unmerchantable, thus entitling the plaintiff to a return of his deposit.
In the course of oral argument before this court, counsel for the respective litigants readily conceded that Mrs. Gresham,; *267 the owner of the property encroaching upon the defendant’s property, has consistently refused to remove these encroachments, particularly a portion of the concrete driveway, despite requests and demands made upon her by the defendant, Mrs. Stevens. There exists little doubt, therefore, that litigation will be necessary in order to settle the matter of the fence and driveway encroachments.
In view of these facts, we are convinced that the plaintiff should not be required to accept title to property which is not only suggestive of litigation, but is in , litigation as a result of the legal course which Mrs. Gresham has pursued.
In Jacobs v. Freyhan [3] the court rational- J ized as follows:
“ * * * In these circumstances, to require him to take the property in the condition which the survey showed it to be would be to make for him a contract by judicial mandate which he clearly never intended to enter into, and which, as , evidenced by this litigation and the ef- , forts to straighten out the title so that he might comply, he would not have made. There was, therefore, no meeting of the minds, or at least an error of fact as to a material part of the agreement which renders it ineffective as to plaintiff.” v
* ***** ,
“In the present case, however, plaintiff ’ made a contract to buy the property, including the fee itself, and the defendants obligated themselves to deliver the premises by municipal numbers, after they had been pointed out upon the ground with improvements and inclosures as they stood. Plaintiff never for one moment thought of buying property as to which he would have to depend upon a servitude on the land of another for its use and enjoyment, and perhaps become involved in litigation with such other person for the vindication of that right. Hence, our conclusion is that he should be relieved from any liability under the contract.”
The foregoing rationalization was followed in Papalia v. Hartson [4] and also in De Salvo v. Doll[5] wherein the legal principle was emphasized that one does not offer a merchantable title when litigation would be necessary to complete the full enjoyment of the new owner’s possession.[6]
In this case, litigation will obviously continue in order to determine the rights of the owner of the property relative to the encroachments of Mrs. Gresham’s fence and' driveway. It is true that the plaintiff may have inspected the premises; however,, there was no reasonable way for him to-ascertain that these encroachments existed,, and it cannot be presumed that he intend-] ed to purchase the property together with aJ lawsuit.
The defendant has referred us to the rationale emanating from the case of Hunley v. Ascani[7] in support of his contention that the purchaser bought exactly what he saw and cannot now complain that what he observed contained an encroachment. However, the Hunley case merely involved a discrepancy of what the parties believed the dimensions of the property were as opposed to the actual measurements thereof. Litigation was not pending or eminent, and the plaintiff bought exactly what he had agreed to purchase. Therefore we are convinced that the rationale thereof is inapplicable to the facts hereof.
In view of our conclusion that the defendant did not deliver to the purchaser a merchantable title, we now focus our attention upon the question raised by Latter and *268 Blum relative to its right to deduct from the deposit its commission in conformity with the terms of the agreement to purchase and sell. The contract signed by the respective parties is designated as a standard Real Estate Board form, ATP-OS No. 2, revised as of November, 1963. The relevant portions thereof read as follows:
“The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto purchaser the right to demand the return' of the deposit from the holder thereof, and reserving unto agent the right to recover commission.”
* * * * * *
“Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission and all reasonable attorney’s fees and costs incurred by the other party, and/or agent in enforcing their respective rights.”
There is no doubt that the above agreement provides that upon the seller’s inability to convey a merchantable title, the purchaser may demand a “return of the deposit from the holder thereof” and the agent possesses the right to recover its commission from the party at fault. Therefore, the plaintiff is entitled to an immediate refund of his deposit in the amount of $2,475.00 from Latter and Blum, Inc., or from any other person having possession thereof; and Latter and Blum must now proceed against the defendant, Mrs. Stevens, if they desire to recover their commission in conformity with the terms of the foregoing agreement.
In conclusion, we turn our attention to the plaintiff’s request for the recovery of reasonable attorney’s fees pursuant to the provisions of the contract. The record discloses that no extended trial on the merits occurred, all proceedings were by joint stipulation in conformity with a motion for summary judgment. Under these circumstances, we are of the opinion that a fee of $500.00 would fall within the category of what we have judicially designated as “a reasonable attorney’s fee”.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is now rendered in favor of the plaintiff, Norman Lind Young, and against the defendants, Mrs. Helen W. Stevens and Latter and Blum, Inc., in the full sum of $2,475.00 together with interest from date of judicial demand, costs and $500.00 attorney’s fees.
In addition thereto, the case is remanded to the lower court for further proceedings in connection with Mrs. Stevens’ third party petition against Mrs. Gresham, and for a determination of such additional issues as the nature of the case may ultimately require.
The defendant, Mrs. Helen W. Stevens, is to pay all costs incurred herein. All other costs are to await the rendition of a final judgment emanating from the remand hereof.
Reversed and remanded.

. Plaintiff is also endeavoring to recover legal interest and attorney’s fees.

. In this court, respective counsel informed us that Mrs. Stevens did request and demand that Mrs. Gresham remove these encroachments. In any event, what we have said in the opinion is what was stipulated in the trial court.

. 156 La. 585, 100 So. 726 (1924).

. 52 So.2d 775 (1951).

. 209 La. 1063, 26 So.2d 140 (1946).

. See also Pesson Plumbing and Heating Co. v. Hammonds, La.App., 160 So.2d 769 (1964); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).

. 174 La. 712, 141 So. 385 (1932).