YARRUT, Judge.
Plaintiff sues to recover a $9,000.00 deposit, 10% of the purchase price of a piece of property (located at the corner of Central Drive and Metairie Road in Jefferson Parish) which he contracted to purchase. The deposit consisted of $4,500.00 cash and a promissory note for $4,500.00.
Defendants are: the prospective vendor, Lars Jensen; Latter and Blum, Inc., the listing agent; and Gertrude Gardner, Inc., the selling agent. Defendant (Jensen) reconvened for the forfeiture of the entire deposit. Defendant (Latter and Blum, Inc.) reconvened for its real estate commission and attorney’s fees. Gertrude Gardner, Inc., first reconvened for its share of the real estate commission plus attorney’s fees and then brought a third-party action against Jensen for indemnity of any judgment for which it might be cast.
The Trial Judge rendered judgment in favor of Plaintiff against both Mr. Jensen and Latter and Blum, Inc., ordering Mr. Jensen to return the $4,500.00 cash deposit in his hands and for Latter and Blum, Inc., to return the $4,500.00 promissory note given as part of the 10% deposit; dismissed all reconventional demands and the third-party demand by Gertrude Gardner, Inc. From this judgment, Mr. Jensen and Latter and Blum, Inc., have appealed. Gertrude Gardner, Inc., did not appeal.
The pertinent part of the sales agreement is as follows: .
“The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto purchaser the- right to demand the return of the deposit from the holder thereof, and reserving unto agent the right to recover commission.”
The ground upon which Plaintiff seeks the return of his deposit is that Defendants have failed to tender him a merchantable title because a wall of a building, which is part of the improvements situated on the property he agreed to purchase, encroaches one foot upon the public street.
Defendants claim that the title is merchantable and cite LSA-C.C. Art. 862 and Mendoza v. Glorioso, 167 La. 701, 120 So. 57. LSA-C.C. Art. 862 provides:
“If the works, formerly constructed on the public soil, consist of houses or other buildings, which can not be destroyed, without causing signal damage to the owner of them, and if these houses or other buildings merely encroach upon the public way, without preventing its use, they shall be permitted to remain, but the owner shall be bound, when he rebuilds them, to relinquish that part of the soil or of the public way, upon which they formerly stood.”
Defendants claim the property involved meets the two tests of Art. 862 viz: (1) the building cannot be destroyed without causing signal damage to the owner; and (2) that it merely encroaches upon the public way without preventing its use. However the Trial Judge found, as do we, that there is insufficient evidence in the record to determine whether the encroach *357 ment prevents or interferes with the public use of its right-of-way.
As stated above, Defendants also rely on Mendoza v. Glorioso, cited supra. However, in the cited case the encroachment involved was that of .a doorstep which rested only 1.2 inches upon the public sidewalk, a minor encroachment, compared with that involved in the instant case. Moreover, in the Mendoza case the Supreme Court merely decided that plaintiff-vendor, who sued for specific performance, stated a cause of action and did not pass upon the merits. Therefore, we are constrained to conclude that the Mendoza case is not apposite here.
On the other hand, Plaintiff cites Young v. Stevens, 252 La. 69, 209 So.2d 25, in which the encroachments involved were on the plaintiff-vendee’s land. Even though it would have been necessary for the vendee to initiate any law suit, the Supreme Court decided that the property involved was suggestive of litigation and ordered a refund of the vendee’s deposit. Certainly, in the instant case, although the Plaintiff, prospective vendee, might have a good defense under Art. 862, the title involved is also suggestive of litigation, the initiation of which would not be subject to the vendee’s control. Suit could be instituted at any time by Jefferson Parish, as once there is a dedication of public land no one can acquire title to it by means of acquisitive prescription. See Village of Folsom v. Alford, La.App., 204 So.2d 100 and cases cited therein.
The Young case also held that property does not have merchantable title when it cannot readily be sold or mortgaged in the ordinary course of business. Plaintiff did introduce evidence, over the objection of Defendants, that he had been denied financing by two savings and loan institutions because of the encroachment. This evidence is admittedly hearsay and is not admissible. However, in the Young case, there was no evidence that any lending agency had refused to finance the property, nor that any prospective vendee, other than the plaintiff, had objected to the encroachment. Nevertheless, it was held that the title was not merchantable because the property could not be sold or mortgaged in the ordinary course of business.
Conceding, arguendo, that there is no present interference with the use of the street and that the probability that the encroachment might in the future interfere with the use of the public way is extremely remote, as appellants contend, we must nevertheless take judicial notice that the encroachment could conceivably make it difficult for Plaintiff to sell or mortgage the property involved here, thus to that extent affecting the merchantability of title. ,
For the above reasons the judgment appealed from is affirmed-; all costs of both courts to be paid by appellants.
Judgment affirmed.