397 So.2d 838 (1981)
De Lesseps S. MORRISON, Jr.
v.
Robert J. FINERAN.
No. 11784.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1981.
*839 Patrick M. Reily, New Orleans, for plaintiff-appellant.
Curtis, Hyde, Mooney & McEachin, Eugene M. McEachin, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, GARRISON and KLIEBERT, JJ.
SAMUEL, Judge.
Plaintiff filed this suit to have a deposit, placed by defendant in connection with a contract to sell and purchase immovable property, declared forfeited. After a trial on the merits, judgment was rendered in favor of defendant, and plaintiff has appealed.
On November 11, 1977 plaintiff entered into a contract to sell immovable property to defendant. The agreement contained no approximation of measurements, but instead the parties agreed to buy and sell the property "as per title". It called for a defendant deposit of $6,500 in the form of a promissory note to secure performance of his obligations under the contract. It also required the sale be passed before defendant's notary between December 1, 1977 and December 31, 1977. On December 29, 1977 defendant's attorney wrote plaintiff asserting title to the property was unmerchantable, refusing to take title, and demanding return of the deposit.
Defendant complains of two defects in the title, and argues both are encroachments which render title unmerchantable.
The first alleged defect is a common or party wall on the right side line of the property. This wall is not a part of a building and is in fact, according to the survey, a brick wall which appears to be exactly on the center of the surveyed boundary.
Louisiana Civil Code Article 685 provides in pertinent part:
"A fence on a boundary is presumed to be common unless there is proof to the contrary."
In Langford Land Co. v. Dietzgen Corp.,[1] this court held an apparent servitude evidenced by such a common wall does not suggest litigation unless a question is raised as to the obligation of the owner of the property sold to pay for the cost of the wall. No such question was raised in this case, and Article 685 presents the contrary legal presumption.[2] We find no merit in this first alleged title defect.
The second defect urged by defendant is a side fence which encroaches onto the neighboring property for a distance at the front of 0.3.1 feet gradually increasing to 1.2.4 feet at the rear. Defendant argues this encroachment renders plaintiff's title unmerchantable and cites in support of his argument the Supreme Court case of Young v. Stevens,[3] in which a purchaser declined to accept the seller's title on the ground it was unmerchantable because of certain encroachments, and sued to recover his deposit, cost, and attorney's fees. The *840 Supreme Court made the following pronouncement with regard to encroachments:
".... In like manner, a person buying property whose improvements encroach upon his neighbor is likely to sustain a law suit to defend his right to possession of the property sold to him beyond his title. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); DeSalvo v. Doll, 209 La. 1063, 26 So.2d 140 (1946); Jacobs v. Freyhan, 156 La. 585, 100 So. 726 (1924); Schroeder v. Krushevski, 186 So.2d 640 (La.App.1966); Clesi, Inc. v. Quaglino, 137 So.2d 500 (La.App.1962); Papalia v. Hartson, 52 So.2d 775 (La.App.1951).
The same result obtains, therefore, whether the adjoining property owner's improvements encroach upon the property to be sold or whether the property to be sold encroaches onto the adjoining property. What makes the title unmerchantable in either instance (and both occur here) is not necessarily the extent of the encroachment, but the fact that it suggests litigation. The law will not require Young to assume Mrs. Stevens' controversy with her neighbor.
Indeed, the prospect of litigation is the very circumstance which would destroy the principal cause of a contract to purchase a home. A person buying a home wants, above all, peaceful occupancy among peaceful neighbors. Selling him property which will probably bring on a lawsuit is contrary to that motive and furnishes a basis for nullifying the contract. La.Civil Code art. 1823 (1870)."
In the present case, plaintiff's fence encroaches onto the adjoining property. The ruling in Young v. Stevens, although including both encroachments onto the adjoining property and onto the property being sold, mandates we hold plaintiff did not have merchantable title. We consequently so hold, even though there was no fence encroachment onto the property being sold in this case.
Finally, defendant raises the point that he should have been placed in default. However, by letter defendant clearly refused to take title, and his notary never set a time or place for the act of sale to be passed. Since the contract provided for defendant's notary to pass the sale, it was impossible for plaintiff to make a formal tender. In this situation, the law does not require a putting in default when there has been an active breach by one of the parties,[4] and an attempt to place defendant in default would have been a vain and useless act in any event.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] La.App., 352 So.2d 386.
[2] See also LSA-C.C. Art. 675.
[3] 252 La. 69, 209 So.2d 25.
[4] See LSA-C.C. Art. 1932.