WILLIAMS, Judge.
Plaintiffs appeal from a judgment dismissing their suit in this action to recover damages for an alleged breach of contract to buy and sell immovable property.
On April 19, 1984, plaintiffs, Wayne P. Bergeron and Andrea H. Bergeron, and defendant, Thelma Jones Bertrand, signed a purchase contract- for the property located at 7850 Sail Street in New Orleans, Louisiana. Plaintiff, Better Properties, Inc., was the real estate agent for the transaction. Upon signing the contract defendant deposited a promissory note of $1,000.00 as earnest money. The contract provided for the act of sale to be passed on or before July 30, 1984, and for the forfeiture of the deposit “without formality beyond tender of title to the purchaser” in the event that defendant failed to comply with the contract. The purchase price of the property was $40,500.00. Defendant was to pay $23,500.00 of this amount in cash, with the balance of $17,500.00 to be financed by a conventional mortgage. Defendant secured a loan commitment from Commonwealth Savings Association. Frank Battard, an attorney for Commonwealth Savings Association, was to pass the act of sale.
The attorney scheduled the act of sale for July 18, 1984. All parties appeared in his office on that date; however, plaintiffs, Wayne and Andrea Bergeron, were not able to deliver merchantable title to the property because the proceeds from the sale were insufficient to pay off the existing mortgage and the closing costs that they were required to pay.
On July 19 and July 20, defendant telephoned the attorney to find out if the problem had been resolved and the act of sale rescheduled. The attorney informed defendant that the act of sale had not been rescheduled.
On July 25, 1984, defendant entered into a purchase agreement for another property, which was located at 7021 Pinebrook, New Orleans, Louisiana. This contract provided for renegotiation in the event that the contract with plaintiffs was executed, and title to the Sail Street property passed on or before July 30, 1984. On July 27, 1984, defendant cancelled her loan application for the Sail Street property and paid the attorney’s notarial fees associated with the loan closing documents that had already been prepared in connection with the pending sale and mortgage of the Sail Street property. Also on that day defendant executed a new loan application with Commonwealth Savings for the Pinebrook Street property.
On July 30, 1984, an agent for plaintiff Better Properties, Inc., sent a Western Union telegram to defendant, and a copy to attorney, Frank Battard. The telegram stated:
“REFERENCE 7850 SAIL STREET WE STAND READY, WILLING AND ABLE TO TENDER TITLE 7-30-84 AT THE OFFICE OF MR. FRANK BATTARD, ATTORNEY, AND YOUR FAILURE TO APPEAR WILL PUT YOU IN DEFAULT OF THE CONTRACT”
Defendant did not receive the telegram until 7:41 p.m. that evening, and the attorney did not see the telegram until the next day.
On the basis of these facts the trial court held that plaintiffs Wayne and Andrea Ber-geron were not entitled to a forfeiture of the earnest money, and that plaintiff Bet *624 ter Properties, Inc., was not entitled to its commission. The trial court held that the telegrams to defendant and the attorney did not constitute a timely tender of title. The trial court reasoned that a tender of title is a prerequisite to forfeiture of a deposit even though the purchaser has given some indication that she no longer wants to purchase. Dapremont v. Crossley, 367 So.2d 127 (La.App. 4th Cir.1979), writ denied 369 So.2d 710 (La.1979).
In our opinion, the question of whether the telegrams constituted a tender of title need not be decided, since we hold that according to the terms of the purchase agreement defendant actively breached the contract when she cancelled her loan application and paid the attorney’s notarial fees, prior to the contract’s expiration. In Morrison v. Fineran, 397 So.2d 838 (La.App. 4th Cir.1981), we held that it was impossible for the seller to make a formal tender of title because the purchaser’s notary never set a time or place for the act of sale to be passed, as he was required to do under the contract. In the recent case of Taylor v. Roy, 499 So.2d 595 (La.App. 5th Cir.1986), writ denied 502 So.2d 115 (La.1987), the purchase contract specified that since time was of the essence the purchasers would make a good faith loan application within ten days, and if the purchasers were unable to secure a loan commitment within forty-five days, the agreement would be void. The purchasers, however, waited thirty-six days before making a loan application. When the purchasers were approved for a loan, on the day the sale was to be passed, they informed the lender to put everything on hold because they claimed the papers were not ready. When the purchasers were given a six day extension, they did nothing to revive the loan process or have any of the closing papers prepared. The court held that the purchasers’ failure to take actions to comply with the time limits for securing a loan commitment was a breach of the purchase contract.
In our opinion, the present case is comparable with both of the above cited cases. Defendant’s conduct, of cancelling her loan commitment and paying the attorney’s notarial fees, was as obstructive to the passing of the act of sale, as the purchaser’s conduct in Taylor v. Roy. Moreover, defendant’s conduct made the passing of the act of sale an impossibility, as did the purchaser’s conduct in Morrison v. Fineran. In the present case, defendant secured the loan commitment from Commonwealth Savings Association that she needed to complete the act of sale. Defendant, however, cancelled the loan commitment prior to the expiration of the purchase contract. We do not conclude that the cancelling of a loan commitment necessarily obstructs or makes it impossible for the act of sale to be completed. Under the circumstances of this particular case, however, we conclude that it did. In the present case, after defendant cancelled her loan commitment for the Sail Street property, she needed to execute another loan application in order to be able to purchase the Pinebrook Street property. In our opinion, this evidence shows that the defendant could not have passed the act of sale without the cancelled loan commitment. In addition, under the purchase contract the defendant was required to pay the notarial fees associated with the passing of the act of sale. Defendant’s conduct of paying the attorney’s notarial fees associated with the closing documents that had already been prepared, effectively terminated the attorney’s involvement with the sale. This meant that the attorney would no longer be passing the act of sale as the parties had agreed. Also, this meant that there would be no more preparation of closing documents, and that the documents would not be fully prepared for the act of sale.
Accordingly, we hold that according to the terms of the purchase agreement defendant actively breached the contract when she cancelled her loan commitment and paid the attorney’s fees, prior to the contract’s expiration. Defendant’s conduct so obstructed the passing of the act of sale, as to make it an impossibility. Since defendant’s conduct made it impossible for the act of sale to be completed, this was an active breach of the contract prior to its expiration which made tender of title un *625 necessary. Article 1932 of the Louisiana Civil Code in effect at that time provided:
When there is an active violation of the contract, damages are due from the moment the act of contravention has been done, and the creditor is under no obligation to put the debtor in default, in order to entitle him to his action.
Our holding in this case is easily reconcilable with Louisiana jurisprudence which holds that a tender of title is a prerequisite to forfeiture of a deposit, even if the purchaser has given some indefinite indication that he no longer wants to purchase. Becker v. Johnson, 350 So.2d 1259, (La. App. 4th Cir.1977), Dapremont v. Crossley, supra, Kraft v. Baker, 377 So.2d 871 (La. App. 4th Cir.1979), Thaly v. Namer, 496 So.2d 1211 (La.App. 5th Cir.1986). Under the circumstances of the above cited cases, the purchaser’s conduct did not result in the compelling obstructions to the completion of the act of sale that resulted under the circumstances of the present case, Morrison v. Fineran, and Taylor v. Roy. Rather, the purchaser’s conduct in the above cited cases resulted only in passive indefinite indications that the purchaser might not want to perform. In Dapre-mont v. Crossley, the purchase contract required the purchaser to post the deposit immediately, but the purchaser was tardy. When the purchaser was notified by letter shortly thereafter, she gave her attorney a check for the cash deposit and expressed her willingness to sign a note for the balance, in accordance with the contract. Under these circumstances, the purchaser’s conduct did not obstruct the passing of the act of sale, or make the passing of the act of sale an impossibility. The purchaser’s tardiness was merely something the seller could interpret as an indication the purchaser did not want to perform.
The remaining cases, Becker v. Johnson, Kraft v. Baker, and Thaly v. Namer, all involved a failure by the purchaser to obtain financing. A financing condition, however, as part of the purchase contract, is a condition in the purchaser’s favor. If the purchaser fails to comply with that condition it is deemed to be waived by the purchaser, and the purchaser is estopped from asserting the nullity of the contract based on an inability to obtain financing. Although a failure to satisfy a financing condition might be interpreted by a seller to be an indication that the purchaser does not want to perform, the failure to satisfy a financing condition can not present a compelling obstruction to the passing of the act of sale, since it is a provision of the purchase contract that protects the purchaser. In the above cited cases, there was no active breach of the purchase agreement because these cases involved merely indefinite indications that a purchaser might not want to perform. Consequently, tender of title was necessary.
Accordingly, the judgment of the trial court is reversed. It is ordered that there be judgment in favor of plaintiffs Wayne and Andrea Bergeron against defendant Thelma Jones Bertrand in the sum of $1,000.00 plus 15% of the $1,000.00 and the interest and costs as attorney’s fees. Defendant Bertrand is also ordered to pay plaintiff Better Properties, Inc. $2,430.00 representing its 6% commission. Interest is to run from the date of demand. All costs to be paid by defendant.
REVERSED AND RENDERED.
ARMSTRONG, J., dissents with reasons.