KLEES, Judge.
Plaintiffs appeal the dismissal of their action seeking damages for the defendants’ alleged breach of an agreement to purchase real estate. We reverse.
On September 9, 1985, the plaintiffs, Mr. and Mrs. Meunier, and the defendants, Mr. and Mrs. Liang, entered into a contract whereby the Liangs agreed to buy certain property owned by the Meuniers for the total sum of $800,000. The sale was conditioned upon the ability of the purchasers to obtain $500,000 in mortgage financing. *476 The agreement stipulated that the act of sale was to be passed before the lender’s notary on or before October 15, 1985. It also provided for a $10,000 deposit, and stated that:
In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser.
Finally, in a supplemental agreement also signed on September 9th, the sellers agreed to finance the sum of $60,000 secured by a second mortgage on the property.
On September 26th, the Liangs obtained a commitment from French Market Homestead for a $475,000 loan. The act of sale was set for 2:00 p.m. on October 15th at the homestead. At approximately 10:00 a.m. on October 15th, Mr. Liang telephoned the homestead’s notary and informed him that the Liangs did not intend to go through with the sale and would not be at the closing. The notary then had his secretary call Mr. Meunier and tell him the sale had been cancelled. On the following day, the Liangs withdrew from the homestead the funds they had intended to use as the down payment on the property. On the same day, the Meuniers filed this action seeking forfeiture of the $10,000 deposit, as well as costs and attorney’s fees.
After a full trial on the merits, the district judge found that although the Liangs had breached the contract, they were not required to forfeit the deposit because there had been no “tender of title” as required by the purchase agreement. The district court dismissed the case, from which judgment the sellers have appealed.
After reviewing the record, we agree with the trial judge that the purchasers breached the contract, but we disagree with his conclusion that a formal tender of title was a prerequisite to forfeiture of the deposit under the circumstances of this case. The law does not require a formal tender of performance or putting in default by one party when the other party has actively breached the contract. Morrison v. Fineran, 397 So.2d 838 (La.App. 4th Cir.1981); La.Civ.Code art. 1993. In Liuzza v. Panzer, 333 So.2d 689, 693 (La.App. 4th Cir.1976), we stated that when one contracting party has announced that he will not honor his agreement, the other party is not required to tender performance since to do so would be vain and useless. Citing this principle, the Fifth Circuit in Taylor v. Roy, 499 So.2d 595 (La.App. 5th Cir.1986), held that the failure of the purchasers under a real estate contract to take appropriate action to comply with the time limit for securing a loan application was an active breach which resulted in the forfeiture of the purchasers’ deposit even though the sellers had not tendered title. Similarly, in Morrison v. Fineran, supra, we held that the failure of the purchaser’s notary to set a time and place for the act of sale, as required by the purchase agreement, made a formal tender of title impossible.
Recently, in Bergeron v. Bertrand, 514 So.2d 622 (La.App. 4th Cir.1987), construing a real estate purchase agreement similar to the one in the instant case, we again found that the purchaser’s actions constituted an active breach which relieved the seller of the necessity of tendering title as a prerequisite to recovering the deposit. In that case, the purchaser, before the time limit for the passage of the act of sale had expired, had cancelled her loan application and paid the attorney’s notarial fees associated with the closing documents, which were already prepared. Comparing the case to Taylor v. Roy, supra, and Morrison v. Fineran, supra, we held that because the purchaser’s conduct was obstructive to the passing of the act of sale and made such passing an impossibility, tender of title was not required.
In the instant case, the Liangs’ actions constituted an active breach of the contract. Wayne Berger, a vice president of French Market Homestead, testified that the Liangs had sufficient funds to go through with the $800,000 sale (more than $300,000 on deposit at the homestead plus a loan commitment for $450,000 from the homestead, which had been reduced from the original $475,000 at the Liang’s re *477 quest, and a written commitment for $60,-000 from the sellers). All the closing documents were prepared. The homestead’s notary testified that Mr. Liang, who knew that the act of sale was set for the final day permitted by the contract, telephoned him that morning and stated unequivocally that the Liangs were not prepared to go through with the sale and would not appear. The notary then instructed his secretary to call the Meuniers, who testified that they were dressing to go to the act of sale when they received the call informing them that the sale would not take place. Mr. and Mrs. Liang never showed up at the homestead that day, and the next day they withdrew the funds they had placed on deposit for the sale. In their testimony, neither Mr. nor Mrs. Liang offered a valid excuse for their failure to comply with the purchase agreement.
In view of the evidence, we find that the Liangs’ conduct made the timely passage of the act of sale an impossibility. Considering that the act of sale was set for the latest permissible date, the Liang’s telephone call just hours prior to the scheduled closing time to inform the notary that defendants would not go through with the sale would have made a formal tender of title on the part of plaintiffs a vain and useless gesture.
This case is clearly distinguishable from Dapremont v. Crossley, 367 So.2d 127 (La.App. 4th Cir.1979), relied upon by defendants, in which we held that tender of title was required where the purchaser had at first failed to post the deposit timely, but later had given her attorney a check for the deposit after having received the seller’s letter placing her in default. In that case, we emphasized that the buyer, upon posting the deposit, was in a position to perform and may have decided to perform had the seller tendered title; therefore, we could not say that the tender of title would have been a vain and useless thing. 367 So.2d at 130. The Dapremont facts are completely different from those of the instant case, wherein the purchasers unequi-vocably stated their intention not to perform only hours before the scheduled closing, which under the contract could not have been held at a later date. Under these circumstances, the Liangs’ conduct amounted to an active breach of the contract, and thereby relieved the sellers of the obligation of tendering title as a prerequisite to recovering the deposit.
Accordingly, the judgment of the trial court is reversed. It is ordered that there be judgment in favor of plaintiffs Goldie Evalyn Hayes and Richard Meunier against defendants Lucia Loo and Jerry Liang in the amount of $10,000.00 plus interest from the date of demand, plus fifteen percent (15%) of the $10,000.00 and interest as reasonable attorney’s fees. All costs to be paid by defendants.
REVERSED.