JAMES C. GULOTTA, Judge Pro Tern.
Defendants appeal the trial court’s judgment ordering them to pay plaintiffs the sum of $10,000 along with interest and attorney’s fees in accordance with the terms of a promissory note executed by the parties. Plaintiffs answered the appeal requesting additional damages for costs incurred as a result of this appeal which they claim is frivolous. We affirm.
On August 13, 1986, defendant Jeanne Winstead signed an agreement to purchase a condominium from plaintiffs Michael Ber-enson and Jill Berenson Steiner. The sales price of the condominium was set at $90,-000, with $10,000 cash to go to the sellers at the act of sale and the balance to be financed by the sellers. Winstead deposited with the sellers a $10,000 promissory note payable on or before sixty days subsequent to August 13, 1986. This note was signed by Winstead and defendant James David McNeill.
After plaintiffs received a notice of cancellation from Winstead on August 27, 1986, they set the act of sale for the condominium for September 22,1986. According to plaintiffs, the defendants were sent a letter notifying them that the notice of cancellation was untimely and that they were proceeding with the act of sale. Defendants did not appear for the act of sale. Plaintiffs subsequently notified defendants by letter that they defaulted on the purchase agreement by not appearing for the act of sale. Thereafter, plaintiffs attempted to collect the proceeds of the $10,000 promissory note. Because payment was not forthcoming despite amicable demand, plaintiffs filed this suit to collect the amount owed according to the promissory note along with interest and attorney’s fees.
Defendants did not appear at trial personally or through counsel. However, plaintiffs presented their case and judgment was rendered in favor of plaintiffs and against defendants jointly, severally and in solido for the sum of $10,000 as well as interest, attorney’s fees and costs. Defendants appealed the judgment and plaintiffs answered the appeal claiming to be aggrieved by a frivolous appeal.
At trial, plaintiffs introduced a letter received from Jeanne Winstead dated August 27, 1986 in which she stated that she wanted to cancel the August 13, 1986 purchase agreement. Plaintiffs’ attorney then sent a letter to Winstead stating that her notice of cancellation was untimely according to LSA-R.S. 9:1124.107, relative to resale of condominium units. This statute provides that a purchaser has five days to cancel a purchase agreement after the delivery of specified documents by the seller. Plaintiffs’ real estate agent testified that he delivered to McNeill, Winstead’s attorney, the documentation required under R.S. 9:1124.107 within two days of the signing of the purchase agreement. Therefore, plaintiffs argue that, under the terms of R.S. 9:1124.107, defendants had no more than five days subsequent to August 15, 1986 to cancel the purchase agreement.
*96 The trial judge found that the notice of cancellation was untimely. Therefore, Winstead was found to have breached the purchase agreement and defendants were ordered to forfeit the amount owed under the promissory note given to plaintiffs as a deposit on the sale price of the property.
On appeal, defendants argue that the purchase agreement was ambiguous in using the word “sell” rather than “resell” with regard to the sale of the condominium. This ambiguity is alleged to be critical because different deadlines for cancellation of a purchase agreement apply for condominiums which are being initially sold by the developer and those which are being resold by a unit owner. Defendants claim that because the cancellation notice sent to plaintiffs would have been timely if this was the initial sale of the condominium unit, the alleged ambiguity in the purchase agreement should be resolved in their favor thereby making the notice of cancellation timely.
The uncontroverted testimony of the real estate agent that he delivered to Win-stead’s attorney the documentation required under R.S. 9:1124.107 for resale of a condominium unit within two days of the signing of the purchase agreement on August 13, 1986 is significant. Plaintiffs .established a prima facie case proving that this matter involved the resale of a condominium unit and that defendants were made aware of this fact by the type of documents delivered and that the provisions of R.S. 9:1124.107 govern in this case. The cancellation letter sent by defendants was clearly untimely under the applicable statute.
Defendants also argue that plaintiffs breached the purchase agreement by unilaterally scheduling the act of sale three weeks earlier than specified in the agreement. Defendants claim that the terms of the agreement provided that the act of sale could be scheduled earlier than specified only if all parties agreed in writing. Because this was not done, defendants contend that plaintiffs were precluded from placing defendants in default on the purchase agreement because they demanded performance prematurely.
The record in this case reveals that plaintiffs rescheduled the act of sale to an earlier date only after Winstead filed the untimely notice of cancellation. Winstead’s announcement of her intention not to honor the agreement constituted an active breach of the purchase agreement and relieved the plaintiffs of the necessity of tendering title. Meunier v. Liang, 521 So.2d 475 (La.App. 4th Cir.1988). Therefore, whether or not the date set for act of sale was premature is irrelevant because plaintiffs were not required to tender title at all after Win-stead breached the purchase agreement. Similarly, plaintiffs were not required to place defendants in default because defendants had already actively breached the agreement. Therefore, the actions taken by plaintiffs were unnecessary and meaningless. Meunier v. Liang, supra; Morrison v. Fineran, 397 So.2d 838 (La.App. 4th Cir.1981).
For these reasons, we find the trial judge correctly ruled that Jeanne Winstead breached the purchase agreement thereby obligating defendants to forfeit the $10,000 deposit on the sale represented by the promissory note. Furthermore, we find no merit to plaintiffs’ claim that this appeal is frivolous. Accordingly, the trial court judgment is affirmed.
AFFIRMED.