FRUGÉ, Judge.
This is a rear-end collision wherein the automobile driven by Olivia S. Rowe was violently struck by a truck driven by Mr. J. Lynn Coe and insured by The Travelers Insurance Company, the defendant.
The owner of the truck, Holcoe Equipment Service, Incorporated, reconvened against Olivia Rowe for damages incurred to the truck as a result of the accident, *41 and J. Lynn Coe, the driver of the truck (and owner of Holcoe Equipment Service, Incorporated), intervened, seeking recovery for his injuries against plaintiff.
The case was tried before a jury which rendered the following special verdict: “Question Answer
“Was J. Lynn Coe negligent, Yes if so, was such negligence a proximate cause of the accident?
“Was Olivia S. Rowe negligent, Yes if so, was such negligence a proximate cause of the accident ?
“Did J. Lynn Coe have the last No clear chance to avoid the accident ?
« * 3,‘t * ’>
From this unfavorable verdict, plaintiff appealed and the defendant, Travelers Insurance Company, along with J. Lynn Coe and Holcoe Equipment Service, Incorporated, answered the appeal, requesting that judgment be rendered in their favor.
The circumstances which brought about this action occurred after 11:00 p. m., on Friday, June 10, 1966. That night Olivia S. Rowe, along with two other passengers, was returning from Cameron in a 1959 Oldsmobile when the motor began to overheat, thereby necessitating that she stop her car to get some water. The night was quite dark and the scene of the accident was about five miles southeast of the city of Lake Charles on a blacktopped road, Louisiana Highway 14.
Mrs. Rowe’s testimony, supported by that of her two guest passengers, was that she pulled onto the shoulder of the road as far as possible, leaving but a few inches of the rear of her car in the roadway. She observed the vehicle driven by Mr. Coe some distance to her rear proceeding in the same direction and dispatched one of the passengers to flag that vehicle down. The vehicle continued coming at a high rate of speed and collided with the left rear of her automobile.
Plaintiff and both passengers testified that all the lights on her vehicle were burning at the time of the accident. But no flares were used to warn approaching motorists.
Mr. Coe’s version differs substantially. He testified that he was proceeding at a rate between 50 and 55 miles per hour west on Louisiana Highway 14 and saw nothing before him other than the lights from a large truck quite some distance ahead on a side road. He stated that suddenly he saw two people very near his truck move hurriedly from his path and at the same instant he saw the Rowe vehicle parked in the traveled portion of Louisiana Highway 14 without any lights on and with the trunk up. He testified that at that moment the accident was unavoidable, since he was only thirty feet from the Rowe vehicle.
Defendant produced one disinterested witness who saw the accident, although he was some distance away at the time. This witness was the driver of a large trailer truck which was proceeding south along Highway 397 (often referred to as the Swift Plant Road). He testified that when he was about 100 yards from the intersection of that highway with Louisiana Highway 14, he saw one head lamp rear into the air and joggle about, coming to rest on Highway 14. He testified that he saw no other lights in the vicinity, and that the headlight he saw was the headlight of the Holcoe truck driven by Mr. Coe, which was still burning when he arrived at the scene of the accident.
The jury found both plaintiff and Mr. Coe to be negligent, and denied recovery as to all parties.
*42 It appears from the evidence that the jury could well have found Mrs. Rowe negligent in stopping her car on the traveled portion of the highway and in failing to drive her car completely off the highway. Although there is some evidence that the shoulder was narrow, the slope of the ditch along the right-hand shoulder of the road was apparently not very great and it was reasonable for the jury to conclude that Mrs. Rowe could have driven her car completely off the highway and partially into the gradually sloping ditch, thereby removing herself from the danger she created.
Furthermore, the evidence is sufficient to sustain the jury’s finding that the lights on Mrs. Rowe’s vehicle were not on at the moment of the impact. This was a positive testimony of Mr. Coe and this was supported in a strong way by defendant’s disinterested witness, who stated that he saw only the lights of the Coe vehicle at the moment of the impact. Because of many inconsistencies in Mrs. Rowe’s statements and because the two passengers of the Rowe vehicle had pending, at the time this case was tried, claims for their injuries arising out of the same accident, we cannot say that it was manifestly erroneous for the jury to accept the defendant’s version of the occurrence of the accident.
As to the question of Mr. Coe’s negligence, there is no showing that Mr. Coe’s speed was excessive. The only fault for this accident possibly attributable to Mr. Coe was his failure to observe the Rowe vehicle sooner than he did.
Mr. Coe was negligent in not observing the Rowe vehicle before driving to within thirty feet therefrom. If the accident would have occurred even had Mr. Coe been more attentive, then his negligence was not a cause in fact (or the proximate cause) of the accident and thus he and his insurer should recover. If, however, he could have reasonably avoided the accident had he been reasonably attentive under those circumstances, then his inattention was a cause in fact of the accident and the doctrine of last clear chance would apply against him, resulting in liability against his insurer.
The existence of an unlighted vehicle in the traveled portion of a highway at night has been held to be an unusual obstruction which a driver at night, or other times of diminished visibility, is not bound to anticipate. See Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909 (1956); Stelly v. Fidelity and Casualty Co. of New York, 201 So.2d 24 (La.App.3d Cir., 1967); Sittig v. Southern Farm Bureau Casualty Ins. Co., 198 So.2d 514 (La.App.3d Cir., 1967); Young v. Stevens, 190 So.2d 264 (La.App.4th Cir., 1966). See also Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377 (1940); Brunson v. Royal Indemnity Co., 166 So.2d 656 (La.App.1st Cir., 1964); Gregoire v. Ohio Casualty Ins. Co., 158 So.2d 379 (La.App.1st Cir., 1963); Mose v. Insurance Co. of State of Pennsylvania, 134 So.2d 312 (La.App.3d Cir., 1961); Holt v. All State Ins. Co., 131 So.2d 348 (La.App.3d Cir., 1961); Puissegur v. Louque, 113 So.2d 795 (La.App.1st Cir., 1959). Therefore, Mr. Coe was under no duty to drive at a lesser rate of speed or to take any exceptional precautions in order to avoid striking the Rowe vehicle until such time as he had notice (e. g., from lights or warning flares) of possible danger to his unencumbered passage.
We hold that Mr. Coe encountered an unexpected obstruction to his free passage; and while he was negligent in failing to observe plaintiff’s vehicle before he did, this negligence was not proved to be a cause in fact of the accident. Even had Mr. Coe been alert, we are not satisfied that he would have seen the parked vehicle in time to have reasonably avoided the accident.
From the accident Mr. Coe sustained an injury to his right arm which *43 pained him for over a month. This injury did not necessitate his visiting: a doctor; nor did it cause him to miss any work. Under these circumstances we feel that Mr. Coe is entitled to an award in the amount of $100.00 for his pain and suffering-.
The Travelers Insurance Company requested judgment for the cost incurred by it in repairing the Holcoe Equipment truck driven by Mr. Coe; but there is no evidence in the record to support this claim. Therefore this item must be rejected.
Holcoe Equipment Company is entitled to an award for $50.00 (as prayed for in its reconventional demand) representing the expense it incurred in having its truck repaired. (This results from the “$50.00 deductible clause” in its insurance contract.)
For the foregoing reasons the judgment appealed from is amended so as to provide for a judgment in favor of J. Lynn Coe against Olivia S. Rowe in the sum of $100.00 and a judgment in favor of Holcoe Equipment Company against Olivia S. Rowe in the sum of $50.00, with legal interest from the date of judicial demand until paid; and, as amended, the judgment of the trial court is affirmed. All costs in the lower court as well as the costs of this appeal are assessed against the plaintiff, Mrs. Olivia S. Rowe.
Amended and affirmed.