219 So.2d 486

Olivia S. ROWE

v.

The TRAVELERS INSURANCE COMPANY.

No. 49214.

Feb. 24, 1969.

Cormie & Morgan, Robert E. Morgan, Lake Charles, for plaintiff-defendant in reconvention, applicant.

Holt & Woodley, by Donald E. Walter, Lake Charles, for defendant-plaintiff in reconvention, respondent.

BARHAM, Justice.

Olivia S. Rowe, the owner and occupant of an automobile parked partially on the highway at night which was struck from the rear by a truck driven by J. Lynn Coe, instituted suit against the Travelers Insurance Company, insurer of the truck. The truck's owner reconvened for its damages, and Coe intervened seeking personal injury damages. The jury which tried the case in the district court made special find-ings, and on these findings the trial court entered judgment dismissing all claims. On appeal the Court of Appeal, Third Circuit, found that both parties were negligent, but that Coe's negligence was not the proximate cause of the accident. It maintained the dismissal of Mrs. Rowe's claim but awarded judgment against her in favor of Travelers, Coe, and Holcoe Equipment Service, Inc., the owner of the truck. 208 So.2d 39.

We concluded in granting writs that there was possible error of law in applying the "unexpected obstruction" rule, and counsel urged in argument a consideration of the "assured clear distance" rule. Having granted writs, however, we must review facts as well as law, and as our observations hereafter will reflect, we find these so-called rules inapplicable in this case, which has resolved into an almost purely factual determination.

We are denied the benefit of a finding of fact by the trial judge, and there are no special findings of fact by the jury. The only findings by that jury were:

| "Question | Answer |
|---|---|
| "1. Was J. Lynn Coe negligent and, if so, was such negligence a proximate cause of the accident? | Yes |
| "2. Was Olivia S. Rowe negligent and, if so, was such negligence a proximate cause of the accident? | Yes |
| "3. Did J. Lynn Coe have the last clear chance to avoid the accident? | No |

" *  *  *"

Since these findings by the jury are merely conclusions and not findings of fact, the Court of Appeal could not know on what facts the jury based its conclusions. Consequently that court erred in not making its own finding of fact and in basing its judgment upon premises such as " * * * it was reasonable for the jury to conclude that Mrs. Rowe could have driven her car completely off the highway * * *" and " * * * it was [not] manifestly erroneous for the jury to accept the defendant's version of the occurrence of the accident".

On June 10, 1966, between 11:00 p. m. and midnight, Olivia S. Rowe with two passengers was travelling west on a blacktopped road, Louisiana Highway 14, when the motor of the vehicle became overheated and she had to stop the car. A fair summary of the testimony of Mrs. Rowe and her passengers, Willie Horne and Mabel Granger, follows: Mrs. Rowe had pulled her car off the highway onto the shoulder of the road as far as was reasonable and safe in the judgment of these three persons. The left rear wheel and the projection of the fender and the bumper encroached only slightly on the highway. While Mrs. Rowe kept the motor running, Horne alighted to look for water for the radiator in the ditch alongside the car, but finding none, he returned to the car. Mrs. Rowe, noticing through her rearview mirror that lights were approaching some distance away, asked Miss Granger to go behind the automobile and flag the oncoming motorist for help. By this time Mrs. Rowe had killed the motor and given the keys to Horne, who was opening the trunk of the car to get a container for water. All three witnesses testified that all of the car lights were on; both Horne and Miss Granger, who were at the rear of the car, testified that the tail lights were burning, and Horne testified in addition that the trunk light was visible. While Horne remained near the back of the car looking into the trunk, Miss Granger moved toward the oncoming light, waving her hands to attract attention and flag down the vehicle. When she was somewhere from seven to fifty feet away from the Rowe car, she realized the oncoming motorist did not see her, screamed, and dived for the ditch. Horne, apparently alerted, moved from the rear of the car, and the truck driven by Coe struck the left rear of the car, driving it across the ditch and into a fence. The truck was turned upside down and came to rest on the opposite side of the highway from the Rowe vehicle.

Coe testified that he was proceeding at 50 to 55 miles per hour west on the highway and observed nothing before him until suddenly he saw two people and at almost the same instant saw the Rowe vehicle at a distance of 15 to 30 feet in front of him. He testified that he could not avoid hitting the car and in an attempt to maneuver to the left struck its left rear. It was his

testimony that he saw no lights burning on the Rowe vehicle at the time of impact, and that it encroached further upon the highway than Mrs. Rowe and her passengers had testified. He also testified that he had observed, and was observing at the time of the accident, the lights on a vehicle on a side road which would intersect Highway 14 about one-half to three-quarters of a mile from the scene of the accident.

The driver of this vehicle, who was produced in court, testified that when he was travelling on Highway 397 about 100 yards from its intersection with Highway 14, looking down Highway 14 he suddenly saw a headlamp or beam of light rise up into the air; that when he arrived at the point of the accident, he observed one headlight still burning on the truck driven by Coe. The Court of Appeal was apparently persuaded by this last testimony that the lights of only one vehicle were burning at the time of the accident, and that they were those of the Coe vehicle. However, this same witness testified that he did not know whether the Rowe car's lights were on.

The testimony is in agreement that there was no other traffic in the vicinity on Highway 14 at this time, and that there were no adverse weather conditions or any obstructions to cut off Coe's view of the Rowe car.

A review of the evidence, especially in the light of the respective burdens of proof, leads us to the following conclusions: Although Mrs. Rowe and her passengers testified that her vehicle could not be safely removed entirely off the highway, the testimony of the investigating police officer and other witnesses convinces us that with care she could have negotiated the parking of her automobile so as to completely clear the travelled portion of the highway. The testimony of the police officer that the debris from the accident was in the right lane and on the shoulder of the highway supports the testimony of Mrs. Rowe and her passengers that her car projected only slightly onto the travelled portion of the highway. Little weight can be given the testimony of Coe as to the position of the Rowe car because of the brevity of time for his observation.

All of the positive and affirmative testimony establishes that the lights on the Rowe automobile were burning at the time of the accident. Mrs. Rowe and her passengers testified that they were burning, the police officer testified that they were on when he arrived, and even Coe testified that the lights were on when he crawled from his overturned truck moments after the accident. The disinterested witness said that he did not remember observing whether they were burning when he arrived. The lights of the Rowe vehicle were undoubtedly on. Indeed, it would be il-

logical and unreasonable, in the absence of positive evidence to the contrary, to believe that they would have been extinguished when the parties needed as much light as possible to work on the car and look for water in the ditch and a container in the trunk, as well as to warn traffic and seek assistance.

■ We conclude that Mrs. Rowe was negligent in not removing her vehicle from the highway when she could have safely done so. However, we conclude that this vehicle had been parked in this position with lights fully burning for only a short time; that Miss Granger, wearing brightly colored clothes, was to the rear of the vehicle waving at the oncoming truck, and that there was nothing to interfere with Coe's ability to see the road ahead and the parked car. Only a small portion of his lane of traffic was obstructed, and the other lane was entirely clear.

■ Coe obviously was negligent in failing to observe the lighted, parked vehicle until he was 30 feet or less from its rear. He should have observed the lighted car under the circumstances at a considerable distance, in time to move sufficiently to his left on the unobstructed portion of the highway and avoid the collision. Although Mrs. Rowe did not remove her vehicle entirely off the highway, Coe has failed to establish that this constituted negligence which was a proximate or con-

tributing cause of the accident. The sole and the proximate cause of this collision was the failure of Coe to observe what he could and should have observed.

The judgment of the Court of Appeal is reversed, and judgment is rendered in favor of Mrs. Rowe and against Travelers Insurance Company for her damages; and the case is remanded to the Court of Appeal, Third Circuit, for a determination of these damages and the casting of costs.

SANDERS, Justice (concurring).

Although the majority holds that the plaintiff was negligent, it also concludes her negligence, in illegally parking her car on the highway at night, was not a "proximate or contributing cause of the accident." I am unable to subscribe to the conclusion that plaintiff's negligence was noncontributory. Under the recognized tests of causation, plaintiff's negligence had a causal connection with the collision. The majority, however, makes the following additional factual finding:

"Coe obviously was negligent in failing to observe the lighted, parked vehicle until he was 30 feet or less from its rear. He should have observed the lighted car under the circumstances at a considerable distance, in time to move sufficiently to his left on the unobstructed portion of the highway and avoid the collision."

· Considering this factual finding, I conclude that defendant Coe had a last clear chance to avoid the collision. By slight evasive action, he could have passed without striking the parked vehicle. Hence, his insurer is liable.

For the reasons assigned, I concur in the decree.