ON REHEARING
In our original opinion we indicated that but for the decision of the Supreme Court in Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company et al., 242 La. 471, 137 So.2d 298, we would have held that the illegal parking of the Chrysler automobile was not a proximate cause of the accident.
Upon reconsideration we have come to the conclusion that there is an important factual distinction between this case and Dixie Drive It.
In Dixie Drive It an R. C. Cola truck which had become disabled and had stopped on the highway was run into from the rear by the Dixie truck. The driver of the R. C. Cola truck had failed to put out warning flags as required by law and the Court held this failure constituted negligence per se and was a “substantial factor” and a “cause-in-fact” of the collision.[1] We take this to mean that the failure to put out warning flags was a proximate cause of the accident.
In the case before us there was no contact at all between the dump-truck and the illegally parked Chrysler. The Chrysler was not involved in the collision. The dump-truck collided with the rear of the pick-up truck which had come to a stop behind the Chrysler waiting for the northbound traffic to pass so it could pull around it. The pick-up truck had been stopped in that position for an appreciable length of time before the collision occurred.
The facts in Williams v. Pelican Creamery, Inc., La.App., 30 So.2d 574, bear more similarity to the facts of the instant case than those of Dixie Drive It. In that case plaintiff, Williams, who was travelling west at night on Highway 90 came to a stop behind a large truck belonging to Pelican Creamery, Inc., parked squarely in Williams’ lane of travel without any flares having been set out to warn traffic as required by law. Williams stopped behind the creamery truck as there were on-coming cars preventing him from passing the truck. While stopped behind the creamery truck a truck owned by Federal Transportation Company approached from the rear and without making any effort to stop or reduce its speed pulled to the left lane or traffic to pass Williams’ car and the *852 creamery truck. As it did so the trailer part of the Federal truck struck Williams’ car with such force as to drive it into the parked truck wrecking Williams’ car beyond repair. Williams sued the owners of both the creamery truck and the Federal truck. The Appellate Court held the negligence of the driver of the Federal truck was the sole proximate cause of the accident and the fact that the driver of the creamery truck had not put out flares in accordance with the statute was not a proximate cause thereof.
In its opinion in Dixie Drive It the Supreme Court took notice of the Williams case and said: “ * * * However the case is distinguishable * * * The court absolved the parked truck from liability on the ground that the action of the passing truck had ‘no connection with the act of negligence of the driver’ of the parked truck in failing to place flares. The court stated further: * * * ‘it must appear that the manner of violation was one of the proximate causes of accident and resulting injury’ (Italics ours). It is evident that the holding of the court was that the failure of the parked truck to display flares was not a cause-in-fact of the collision between the other two vehicles.” (See 137 So.2d at page 307.
While it is true the Supreme Court later in its opinion criticized the “broad language” of the decision “in reference to proximate cause” that criticism does not in any way derogate from the fact that it held the Williams case to be distinguishable from the situation presented in Dixie Drive It.
The circumstances of the case before us are substantially the same as those of the Williams case. In both cases a negligently driven truck collided with a car which had come to a stop behind an illegally parked vehicle. If, as the Supreme Court said, the Williams case is distinguishable from Dixie Drive It so also is the case before us. The distinction in our opinion lies in the fact that in Dixie Drive It the negligence of the R. C. Cola truck in not putting out warning flags was a direct concurrent “cause-in-fact” of his truck being rear-ended, while in the instant case the fact that the Chrysler automobile was not involved in the collision and the fact that the pick-up truck had been at a stop behind the Chrysler for some t.ime before being hit renders the negligence of Brooks in illegally parking the Chrysler too remote, in our opinion, to be a “cause-in-fact” of the collision. If the pick-up truck had stopped on the highway for any reason other than the presence of the parked Chrysler the accident would have occurred just the same.
If we were to hold that Brooks’ illegal parking was a concurring proximate cause of this accident we would necessarily have to hold that the illegal parking of a vehicle which caused a multiple car traffic tie-up behind it would be a concurring proximate cause of an accident wherein the last car stopped in line was rear-ended by a negligently driven vehicle.
Plaintiffs have directed our attention to the fact that our original opinion restricted the judgment in their favor against Allstate Insurance Company to the sum of $5,000.00 being 50% of the $10,-000.00 limit of Allstate’s insurance policy. We obviously erred in so doing, our error consisting of inadvertently assuming plaintiffs’ total damage to be the sum of $10,-000.00. Although our error is of no practical importance now we feel it should be corrected. What we should have done was to have rendered judgment in plaintiffs’ favor against Allstate for 50% of their total damage but not beyond the sum of $10,000.00.
For the foregoing reasons our original opinion and decree is set aside and annulled and the judgment of the District Court is affirmed; costs of this appeal to be borne in equal proportions by the parties hereto.
Original opinion and decree set aside; judgment of District Court affirmed.

. The Supreme Court in Rowe v. Travelers Insurance Company, La., 219 So.2d 486, seems to have reached an opposite conclusion in a case involving an illegally parked automobile.