FRUGÉ, Judge.
This suit arose from a rear-end collision wherein the automobile driven by Olivia S. Rowe was violently struck by a truck driven by J. Lynn Coe and insured by The Travelers Insurance Company, the defendant.
Plaintiff instituted this suit against The Travelers Insurance Company for personal and property damage resulting from the accident. Holcoe Equipment Service, Inc., and J. Lynn Coe, the driver of the truck, reconvened against plaintiff for damages incurred to the truck that Coe was driving.
The case was originally submitted to a jury which rendered the following special verdict:
“QUESTION: ANSWER:
“1. Was J. Lynn Coe negligent and, if so, was such negligence a proximate cause of the accident? “Yes
“2. Was Olivia S. Rowe negligent and, if so, was such negligence a proximate cause of the accident? “Yes
“3. Did J. Lynn Coe have the last clear chance to avoid the accident? “No”
“4. What was the amount of the damages, if any, that were sustained by Olivia S. Rowe as a result of the accident? “$1800.00”
“5. What was the amount of the damages, if any, that were sustained by J. Lynn Coe as a result of the accident ? “$150.00”
From this unfavorable verdict, plaintiff appealed. The defendant, The Travelers Insurance Company, along with J. Lynn Coe and Holcoe Equipment Service, Inc., answered the appeal requesting that judgment be rendered in their favor. On appeal to this court, the district court’s judgment based on the jury findings was amended and affirmed. The decision entitled Rowe v. Travelers Insurance Com *63 pany, 208 So.2d 39 (La.App. 3d Cir., 1968—rehearing denied on March 25, 1968), found that the sole proximate cause of the accident was the negligence of plaintiff, Olivia S. Rowe, and therefore allowed collection in favor of plaintiffs in reconvention, J. Lynn Coe and Holcoe Equipment Service, Inc., and in favor of defendant, The Travelers Insurance Company.
The Supreme Court of Louisiana granted a writ of certiorari, and in its decision en-' titled Rowe v. Travelers Insurance Company, La., 219 So.2d 486 (1969), reversed the judgment of this court and held that the sole proximate cause of the accident was the negligence of J. Lynn Coe, the defendant’s insured, and it therefore rendered judgment in favor of Mrs. Rowe and against The Travelers Insurance Company. The Supreme Court remanded the case to this court for a determination of damages and the casting of costs.
The facts of this case have been reported on two separate occasions and for the purposes of this appeal, we shall only briefly summarize the incident upon which this case is based. On June 10, 1966, between 11:00 p. m. and midnight, plaintiff was traveling west on Louisiana Highway 14, a black top road, when due to the over-heating of her vehicle’s engine she had to stop. Mrs. Rowe pulled her automobile off the highway onto the shoulder of the road as far as she thought reasonable and safe, yet the left rear wheel and the projection of the fender and the bumper were still slightly on the highway. While Mrs. Rowe kept the motor running, one of the two passengers with her alighted to look for water for the radiator. Observing through her rear view mirror that lights were approaching some distance away, plaintiff asked the other passenger to go behind the automobile and flag the oncoming motorist in an attempt to obtain assistance. By this time plaintiff had killed the engine and had given the keys to the male passenger, who was then in the process of opening the trunk of the car to get a container for the water. It was the testimony of all three of these persons that all the car’s lights were on and that the taillights were burning. In addition, the trunk light was visible. While the male passenger remained near the back of the car looking into the trunk, the other passenger moved toward the oncoming light, waved her hands to attract attention, but when she was somewhere from seven to fifty feet away from the plaintiff’s vehicle, she realized that the oncoming motorist would not stop, she screamed and dived into the ditch. Horne, the male passenger, apparently became alerted to the situation, and moved from the rear of the vehicle just before the truck driven by J. Lynn Coe, defendant’s insured, struck the left rear of the car, driving it across the ditch into the fence. The truck itself was turned up side down and came to rest on the opposite side of the highway from the plaintiff’s vehicle.
Defendant’s insured testified that he had been proceeding at fifty to fifty-five miles per hour in a westerly direction on said highway. He had observed nothing before him until suddenly he saw two people, and almost at the same instant, he saw the Rowe vehicle at a distance of fifteen to thirty feet in front of him. He testified he could not avoid hitting the car, and in an attempt to maneuver to the left, he struck its left rear. J. Lynn Coe saw no lights burning on the Rowe vehicle at the time of impact, and he believed that the vehicle encroached further upon the highway than plaintiff and her passengers testified.
In its decision the Supreme Court ruled that the failure of J. Lynn Coe to observe what he could and should have observed constituted negligence, and that such negligence was the sole proximate cause of the accident.
Since in no prior judgment has plaintiff been allowed recovery, although the jury noted an amount it thought' appropriate, the sole issue for our determination, that of Mrs. Rowe’s damage, has never been judicially discussed.
*64 Plaintiff testified that at the time of the accident she was sitting in the car, and that the force of the collision threw her up in the air. She was sure that she struck some part of the automobile, although she did not know which part, and she testified that she felt “like I was cut half in two up here (indicating) and my breath, you know, left me, and I couldn’t catch my breath.”
Plaintiff was picked up in an ambulance and was brought to Memorial Hospital in Lake Charles. Upon arrival at the hospital, she was examined and treated by the hospital physicians, among whom was Dr. Wilson D. Morris. She complained of pains in the face, neck, back, shoulders and right knee. Dr. Morris’ examination, as he noted in testimony, revealed the following :
“Q. What did your examination reveal?
“A. Revealed a well developed, well nourished colored female approximately 39 years of age, whose general appearance gave evidence of pain. Eyes, ears nose, throat essentially negative. There was tenderness over the maxilla on the right side — that’s the upper jaw. Had X-rays of the jaw, which showed a questionable fracture. It was in good position, did not require any manipulation. She had spasm of the rector spinae muscle mass. These are muscles of the neck, which help to support the head. They are on each side of the spine. There was marked tenderness in this area, with spasm of the muscle. Swelling of the right knee, with tenderness over the ligaments, as I mentioned. Diagnostic impression is this patient received spraining injuries of the neck, contusing injuries of the chest, spraining injuries of the lumbar spine, contused laceration of the upper lip, with a questionable fracture of the maxilla — the upper jaw — and contusing injuries of the right knee.”
While in the hospital plaintiff received treatment in the form of stitches for her upper lip, traction and medicines for pain. She remained in the hospital some eleven days, after which she was discharged, but was still under treatment.
Dr. Morris treated plaintiff on a regular basis until November 7, 1966. At least five of the visits by plaintiff to Dr. Morris included treatments by a “Medco-Sonolator”, treatments of a combination of ultra sound and galvanic stimulation. Dr. Morris last saw plaintiff on April 27, 1967. Dr. Morris’ prognosis after November 7, 1966, was that although plaintiff’s injuries were painful and they would disable her from substantial activity for some time, they would, in one or a couple of months thereafter, gradually subside with plaintiff being able to regain full activity by January, „ 1967.
Plaintiff wore a steel brace for her neck, prescribed for her by Dr. Morris, until a couple of months prior to the date of trial.
Dr. Charles V. Hatchett, an orthopedic surgeon in Lake Charles, examined plaintiff on August 2, 1966, and in his report of the examination summarized his findings as follows :
“I think this woman has injury to the ligamentous structures of the neck region which is giving rise to most of her discomfort at this time. She is having referred pain into the interscapular region of the back, which is not unusual and I think she has confused this somewhat with the injury to her back region. I believe that when her neck recovers somewhat that she will improve insofar as the upper back is concerned. This is going to be a question of many weeks or even several months. The right knee is the site of arthritic changes and I am sure she has had some injury to the patella in the past, though I cannot prove this. Under any circumstances, this too should improve with time and treatment.”
*65 Plaintiff was also examined by Dr. Norman P. Morin, an orthopedic surgeon, on October 11, 1966. In his testimony in trial, Dr. Morin gave the same history and complaints of pain as the other medical experts had related, but in general he found that plaintiff had no medical problems relating to the accident of June 10, 1966. At the time of trial, plaintiff was still complaining of swelling and locking of her knee when she would stand,- of certain pain in heavy breathing, and of pain in the back, neck and shoulder blades that still bothered her. She also complained of spitting of blood on occasion and of having headaches.
Plaintiff entered into evidence a number of medical bills and drug bills, which when added to the stipulated damage to the automobile, $425.00, amounted to total special damages of $1,240.37. In its findings, the jury found the total amount of plaintiff’s damage incurred to be the sum of $1,800.00. Thus, in addition to that for the special damages, the jury awarded plaintiff only $559.63, to cover the elements of physical pain, suffering, anguish, disability, etc., this amount we feel to be grossly inadequate. A review of the record and medical evidence convinces us that the proper award due plaintiff to compensate her for general damages would be $3,000.00, in addition to the proven special damages. Recognizing the rule that for an appellate court to amend a jury finding there must be an abuse of the much discretion given the jury, we find here that there was such abuse. See Ballard v. Craft, 246 La. 963, 169 So.2d 64 (1964); and Winfree v. Consolidated Underwriters, Inc., 246 La. 981, 169 So.2d 71 (1964).
For the foregoing reasons, we hereby amend the judgment of the trial court so that there may be judgment in favor of Olivia S. Rowe, plaintiff and defendant in reconvention, and against The Travelers Insurance Company, in the total sum of FOUR THOUSAND, TWO HUNDRED FORTY AND 37/100 DOLLARS ($4,-240.37), with interest from date of judicial demand until paid. All costs are to be paid by The Travelers Insurance Company, the defendant-appellee.
Amended and affirmed.