HOOD, Judge.
This is a damage suit arising out of a collision between an automobile owned and being driven by Tom Jones and an automobile being driven by Charles L. Brister. The suit was instituted by Jones against Brister and the latter’s insurer, Firemen’s *556 Fund Insurance Company. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The first issue presented is whether defendant Brister was negligent. If he is found to have been negligent, then it will be necessary to determine whether plaintiff Jones also was at fault and thus whether he is barred from recovery by his own contributory negligence.
The accident occurred on September 12, 1967, on a blacktopped, two-lane country road, about eight miles north of Alexandria. Jones had been driving south on that thoroughfare shortly before the accident occurred. He brought his car to a stop on his right, or the west, side of the road, and he then got out of that vehicle. A moment or two after he had alighted from the car the rear of that vehicle was struck by the Brister automobile, which was being driven south by Brister on the same road.
Jones testified that as he was driving south he saw an automobile parked on the east side of the road, facing north. It was occupied by two women, and he stopped opposite the parked vehicle to offer his assistance. Upon learning that the car was disabled, he proceeded to drive about one block further south and to park his vehicle, his purpose being to walk back and to assist the occupants of the disabled car. The accident occurred very shortly after he alighted from his own vehicle.
The occupants of the disabled car were never identified, and they thus did not appear or testify at the trial.
One factual issue presented relates to the place where the collision occurred. Plaintiff contends that the point of impact was on the west shoulder of the road, while defendants contend that it was in the southbound lane of traffic. Jones testified that his car was parked entirely on the west shoulder of the road, that no part of it extended on the blacktopped slab and that Brister caused his car to leave the blacktop and travel on the shoulder immediately before the accident occurred. His testimony to that effect has been weakened considerably by that of Alton Lawson, a witness called by plaintiff, who stated that the shoulder of the road at that point was only two and one-half or three feet wide, and that it thus would have been impossible for plaintiff to have parked entirely off the blacktopped slab.
Brister testified that the Jones car was on the blacktopped portion of the road, completely blocking the southbound lane of traffic, when the cars collided. His testimony is supported by that of the state trooper who investigated the accident, and who found that all of the debris from the collision was in the center of the southbound lane of traffic. The trooper testified that the shoulder was only three or four feet wide at that point, that the Bris-ter car struck the Jones vehicle "almost dead center,” and that the Brister vehicle left skid marks about 40 feet long “in the southbound lane.”
We agree with the trial judge in his conclusion that the Jones car was parked on the blacktopped portion of the road, in the southbound lane of traffic, when the accident occurred.
The next factual issue presented is whether it was dark when the cars collided. Plaintiff contends that the accident occurred about 6:00 o’clock in the afternoon, and that it was daylight at that time. He concedes that he did not have his headlights or taillights on when the cars collided, but he contends that he did not need them because it was light. He is supported in those statements by Sarah Goldstein, who lives near the place where the accident occurred, and by Mr. Lawson who stated that he drove by the scene of the accident after the cars had collided and that it was still light at that time.
Brister testified, on the other hand, that it was dark when the collision occurred, that his headlights were on and that the headlights of the disabled vehicle, which *557 had been parked earlier in the northbound lane of traffic, were burning. His testimony is supported by that of the State Trooper who investigated the accident and by two other witnesses, all of whom indicated that the Collision occurred about 8:05 and that it was dark at that time. The state trooper stated that shortly after the accident occurred Jones told him that “he drove up there with his lights on, turned his lights out and then evidently began to assist these other people.”
The trial judge concluded that it was dark when the collision occurred, and that plaintiff had parked in the southbound lane of traffic “without his lights on.” We agree with that factual conclusion.
We have decided to consider first the question of whether plaintiff Jones was at fault and thus whether he is barred from recovery by his own contributory negligence.
LSA-R.S. 32:141(C) provides that the driver of a vehicle left parked on a highway between sunset and sunrise shall display appropriate signal lights thereon sufficient to warn approaching traffic of its presence. The violation of that statute constitutes negligence per se, if that negligence is found to be a proximate or legal cause of the accident. West v. Kenknight, 193 So.2d 408 (La.App.2d Cir. 1967); Reed v. City of Alexandria, 212 So.2d 286 (La.App.3d Cir. 1968); Dixie Drive It Yourself System, New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Rowe v. Travelers Insurance Company, 253 La. 659, 219 So.2d 486 (1969).
In this instance the Jones vehicle was not disabled and it was not necessary for plaintiff to turn off the lights of that vehicle or to leave the lights off while his car was parked on the highway. The evidence shows that he could have parked on a driveway off the road, and thus he would not have blocked the traveled portion of the highway.
We agree with the trial judge that plaintiff was negligent in parking his automobile on the traveled portion of the road at night, without displaying appropriate lights or signals thereon sufficient to warn approaching traffic of its presence. We think his negligence in that respect was a proximate and contributing cause of the accident, barring him from recovery.
Having concluded that plaintiff was guilty of contributory negligence which bars him from recovery, it is unnecessary for us to consider the question of whether defendant Brister also was negligent.
We find no error in the judgment of the trial court rejecting plaintiff’s demands. The judgment appealed from is affirmed, therefore, and the costs of this appeal are assessed to plaintiff-appellant.
Affirmed.