CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. The plaintiff, Joseph Fields, was driving his automobile on the highway at night. He struck the automobile of the defendant, Walter C. Corbello, which was *784 standing in plaintiff’s lane of traffic. The district judge found defendant negligent but denied recovery on the grounds of plaintiff’s contributory negligence. Plaintiff appealed.
The issues are (1) negligence of the defendant and (2) contributory negligence on the part of the plaintiff.
The scene of the accident is on Louisiana Highway No. 27 between DeQuincy and Sulphur, Louisiana. This is a two-way, two-lane thoroughfare, of blacktop construction and running generally north and south. The road is straight and level and the speed limit is 60 miles per hour. The weather was clear and dry at the time of the accident, which was about midnight.
Earlier in the evening, a Pontiac automobile driven by James Wing had become stuck in the mud on the west shoulder of the highway facing in a southerly direction. The defendant, Corbello, brought his Buick automobile to the scene to pull Wing’s car out of the mud. A chain was attached from the rear of the mired vehicle to the rear of Corbello’s Buick, which was standing at an angle across the west lane of traffic, facing in a northeasterly direction. The headlights of the Corbello vehicle were burning. James Coltrin, one of the passengers, had gone about 75 yards north of these two vehicles to flag approaching traffic with a white handkerchief.
The plaintiff was driving his Chevrolet automobile in a southerly direction at a speed of 50 to 55 miles per hour, with his lights on low beam. He was accompanied by a passenger, LaSalle Williams. Plaintiff described the accident as follows :
“I had my lights on low beam, and I saw a blur in the highway. Well, I didn’t expect anything. Neither of us were expecting anything. So my first instinct was to take off onto the right side of the road, and then I saw the object was moving and I started again to go to the opposite side, and when I got close enough I saw it was a car, and my first instinct was that he was on my side and that he was going to pull off and go on the side like he was supposed to, but he didn’t, and it was too late for me to do anything about it.”
Plaintiff testified he did not “recall seeing any lights” on defendant’s vehicle. However, the trial judge correctly found the testimony of Corbello and other witnesses shows the headlights of defendant’s automobile were burning. It may be that, because of the northeasterly angle of defendant’s vehicle across the road, plaintiff could see only the headlight on the left front. Nevertheless, plaintiff should have seen at least this one light.
Under these facts, it is clear that defendant was negligent in leaving his vehicle standing on the main traveled part of a high speed highway at night.
Able counsel for the plaintiff makes a strong argument that the harsh rule of contributory negligence should not be applied in this situation. He stresses the point that defendant was grossly negligent for leaving his automobile standing on the road at night, in the wrong lane of traffic, where the speed limit is 60 miles per hour. He argues it is unduly harsh to deny plaintiff recovery because of his slight negligence in failing to see defendant’s vehicle in time to avoid the accident.
Plaintiff relies on the arguments set forth in the concurring opinion in Eubanks v. Wilson, 162 So.2d 842 (La.App. 3rd Cir. 1964), where the author states the so-called “assured clear distance rule” has been eroded to the extent that it is no longer the general rule; that under the necessities and circumstances of modern high speed traffic the night motorist is no longer required to be able to stop within the range of his vision; that he may assume the road is safe and is not charged with the duty of guarding against striking a negligent obstruction which he had no reason to anticipate.
The most recent case from our Supreme Court on the subject is Rowe v. Travelers *785 Insurance Company, 253 La. 659, 219 So.2d 486 (1969). There plaintiff had parked her automobile at night, with the left rear wheel encroaching only slightly on the highway and the remainder of the vehicle on the right-hand shoulder of the road. The evidence showed the taillights of the Rowe vehicle were burning. One witness said the light in the open trunk was also visible. The defendant, approaching plaintiff’s automobile from the rear, at a speed of 50 to 55 miles per hour, failed to see it in time to avoid a collision. The court held:
“Coe (the defendant) obviously was negligent in failing to observe the lighted, parked vehicle until he was 30 feet or less from its rear. He should have observed the lighted car under the circumstances at a considerable distance, in time to move sufficiently to his left on the unobstructed portion of the highway and avoid the collision. Although Mrs. Rowe did not remove her vehicle entirely off the highway, Coe has failed to establish that this constituted negligence which was a proximate or contributing cause of the accident. The sole and the proximate cause of this collision was the failure of Coe to observe what he could and should have observed.”
The facts of the present case are obviously much stronger for the obstructing motorist, and against the approaching driver, than those in the Rowe case. In Rowe only the left rear wheel of the obstructing automobile was on the pavement, whereas here the entire car was across plaintiff’s lane of travel. Also, in Rowe only the taillight and a trunk light were visible, whereas here a headlight was clearly visible. We conclude the holding in Rowe is controlling here. Plaintiff was contributorily negligent.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.