HOOD, Judge.
Curtis B. McCain instituted this suit for damages alleged to have been sustained by him as the result of a collision between a pickup truck which he was driving and an automobile owned by Polus Doucet. The defendant is State Farm Automobile Insurance Company, the insurer of the Doucet vehicle. Judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed.
One of the principle questions presented is whether plaintiff is barred from recovery because of his own contributory negligence.
The accident occurred about 9:00 P.M. on April 21, 1967, on the “Old Gulf Highway,” at a point approximately eight miles south of the City of Lake Charles. The Doucet automobile was parked in the northbound lane of traffic on that highway, facing north. While in that position it was struck from the rear by the McCain pickup truck, which was being driven north on the same highway by plaintiff. McCain sustained personal injuries as a result of that accident.
The Old Gulf Highway runs north and south in that area. The collision took place about 100 feet north of the point where Vail Road, which runs east and west, joins or forms a junction with the west side of the highway. A private oil field road, running east and west, joins or runs into the east side of the Old Gulf Highway at the same intersection. The lo *924 cation of this private road is such that it in effect constitutes a continuation of Vail Road across the highway.
About an hour before that accident occurred the Doucet automobile, while being driven north on the Old Gulf Highway by Mrs. Doucet, struck a cow which was crossing the road ahead of her. That accident occurred at or near the junction of Vail Road with the highway. After striking the cow, the Doucet car continued to travel north a short distance, and it eventually came to rest in the northbound lane of traffic of the highway, at a point about 100 feet north of the above mentioned intersection. Although the Doucet car may have been moved a few feet after it first came to rest, it remained in the northbound lane of traffic until it was struck by the McCain pickup truck.
Shortly after the Doucet car struck the cow, Mr. Dan Hoffpauir, Sr., who owned the cow and who lived nearby, was notified of that accident and he immediately went to the scene to investigate and to render assistance. He rode from his home to the place where the cow had been struck in his son-in-law’s automobile. When he arrived, his son-in-law’s car was parked on the private oil field road east of the Old Gulf Highway, facing east. While so parked the lighted taillights of that car were about even with the east edge of the hard surfaced portion of that highway.
A few minutes before Hoffpauir arrived at the scene, a passing motorist, Thomas J. McBride, was flagged down by Doucet and he stopped to render assistance. McBride was driving a pickup truck, and he parked it on the west side of the highway, facing south, a few feet south of the intersection of the highway with Vail Road. The evidence indicates, and the trial judge found, that shortly after McBride arrived at the scene, he backed his pickup truck into Vail Road, and parked it on that road, facing east, the headlights of that truck facing the intersection and being only 10 or IS feet from the west edge of the highway.
A few minutes after the cow was struck, the carcass of that animal was dragged by Doucet and others to a point on the west edge of the intersection of Old Gulf Highway and Vail Road, and it remained there until after the McCain truck collided with the Doucet automobile.
When the Doucet automobile struck the cow, the impact caused the lights of that automobile to go out. Immediately after the unlighted car came to a stop, Mr. Dou-cet began flagging traffic to warn them of the danger. After McBride had stopped to render assistance, he and Doucet worked on the Doucet automobile, and they succeeded in getting the lights of that car to operate. As soon as they got the lights to burning, Doucet discontinued flagging traffic. The evidence shows, and the trial judge found, that as the McCain truck approached the scene of the accident, almost an hour after the cow had been struck, both of the taillights and at least one of the front parking lights on the Doucet vehicle were burning brightly. The Doucet car was painted a bright red color.
When McCain approached the intersection, several people, including Mr. and Mrs. Doucet, Hoffpauir and McBride, were standing on the western edge of the Gulf Highway around the carcass of the dead cow. The taillights of the Hoffpauir automobile and the headlights of the McBride truck were burning. The Hoffpauir and McBride vehicles were plainly visible to approaching motorists, and the headlights of the latter clearly illuminated the entire intersection, the carcass of the dead cow and the people who were standing around it. McCain testified that he saw the lighted Hoffpauir and McBride vehicles, the carcass of the cow, and the people standing near the intersection as he approached it. He stated that he reduced his speed from 45 to about 35 miles per hour when he reached a point about 400 or 500 *925 feet from the intersection, and that he maintained a speed of 35 miles per hour thereafter, through the intersection, until he collided with the Doucet car.
The accident occurred on a dark night. The weather was clear, however, and visibility was good. McCain did not meet any other vehicles as he approached the scene of the accident, he was not blinded by any oncoming headlights, and he admits that there was nothing which would obstruct his vision of the parked Doucet vehicle. Plaintiff also concedes that he could have driven around the left side of the parked vehicle if he had seen it soon enough.
The evidence shows that McCain did not apply his brakes at any time, and that he was still driving at a speed of 35 miles per hour when the collision occurred. He testified that he did not see the Doucet car before he struck it, that the headlights on his pickup truck were working, that they illuminated the highway ahead of him for a distance of 300 to 400 feet, and that his brakes were in good condition. He stated that he realized that there was a danger ahead when he was 400 or 500 feet from the intersection, but that he nevertheless did not reduce his speed below 35 miles per hour.
Under these facts, the trial judge concluded that plaintiff McCain was free from contributory negligence. He reasoned that “* * * under the circumstances, with all of the activity around, the court does not believe that he failed to keep a proper lookout, or that he failed to slow down to a more moderate speed.” We are unable to agree with this finding of the trial court.
The general rule is that a motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that which would enable him to stop within the range of his vision. He does not have the right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, and if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril. Lewis v. Quebedeaux, 134 So.2d 93 (La.App. 3rd Cir. 1961); Eubanks v. Wilson, 162 So.2d 842 (La.App. 3rd Cir. 1964); Dahlquist v. Canal Insurance Company, 212 So.2d 246 (La.App. 3rd Cir. 1968); Rowe v. Travelers Insurance Company, 253 La. 659, 219 So.2d 486 (1969); Ardoin v. Menard, 212 So.2d 135 (La.App. 3rd Cir. 1968).
In our opinion, the above stated rule applies, and McCain must be held to have seen the lighted Doucet automobile in front of him in time to avoid running into it. McCain had ample warning of the danger when he admittedly saw the lighted McBride and Hoffpauir vehicles, the carcass of the dead cow and several people standing on the edge of the highway as he approached the intersection. Upon making those observations, he should have reduced his speed to such an extent that he could have brought his pickup truck to a stop within the range of his vision. The fact that he may have been distracted by the activity which was taking place at the intersection did not relieve him of the duty of observing the road ahead of him. He was negligent in failing to reduce his speed as he went through the intersection, in failing to maintain a proper lookout after he traversed that crossing, and in failing to see the lighted Doucet car ahead of him in time to avoid running into it. His negligence in all of these particulars were proximate and contributing causes of the accident.
We agree with the trial judge in his findings of fact, but we think he erred in concluding that under those facts McCain was free from negligence. Our conclusion is that plaintiff is barred from recovering by his own contributory negligence.
*926 For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant and against plaintiff, rejecting plaintiff’s demands at his costs. The costs of this appeal are assessed to plaintiff-ap-pellee.
Reversed.