CULPEPPER, Judge,
dissenting in part.
I agree with the majority opinion that the plaintiff was negligent in stopping his automobile on the main traveled portion *785 of the highway at night. However, I do not agree that the defendant was negligent in failing to see the stalled vehicle in time to avoid the accident.
I agree with the majority that the record supports defendants’ version of the accident. Defendant testified that as he approached plaintiffs stalled vehicle he could see nothing until he suddenly saw the plaintiff run from the left rear of the automobile toward the right shoulder of the highway. It is apparent that the plaintiff had been standing in front of his left taillight and the evidence shows that this was the only taillight which was in operation.
Our jurisprudence is now established that on a main highway where the speed limit is 60 miles per hour a night motorist is not negligent for failing to see an unlighted vehicle which is stopped on the main traveled portion of the highway. See Driscoll v. Allstate Insurance Co., La.App., 223 So.2d 689 (4th Cir. 1969) and the many cases cited therein. Although this jurisprudence does not extend to a situation where the obstructing vehicle has lights in operation which should have been observed by the approaching motorist, Rowe v. Travelers Insurance Co., 253 La. 659, 219 So.2d 486 (1969), I think it should extend to the situation where the stalled automobile has only one taillight burning and this could not be seen because someone was standing in front of it. As far as the duty of the approaching motorist is concerned, there is no difference between a stalled vehicle with no taillights and one that has a light burning but its visibility is completely obscured.
For the reasons assigned, I dissent in part.
Rehearings denied.
CULPEPPER, J., votes to grant defendants application for rehearing but to deny plaintiff application.