STOULIG, Judge.
Plaintiffs, Mrs. Nancy Blanchard, wife of/and Larry Blanchard, have appealed a judgment dismissing their suit for general and special damages incurred when their automobile collided with a tractor-trailer as it moved at a speed considerably under the minimum posted limit on the I — 10 highway in the City of New Orleans.[1] The speed of the truck gradually decreased due to the loss of power when one of its saddle tanks ran out of gas and its driver, Louis Wicks, was in the process of manipulating levers to switch to the gas supply in the second tank when this accident occurred. The trial court absolved Wicks and his co-defendants, Waterfront Haulers, Inc., the owner, and Employers Commercial Union Insurance Company, the insurer, of liability because it concluded Wicks’ omission— although negligent — was not a proximate cause of the accident. Rather it attributed the sole proximate cause to plaintiff Larry Blanchard, who failed to avoid the impact.
We agree. The facts are not disputed. As Wicks was switching to his auxiliary tank on his slowed rig then in one of the *367 center lanes of I — 10, Blanchard, traveling in the same direction in the same lane, approached at between 55 and 60 miles per hour. Mrs. Blanchard, a passenger, noticed the truck appeared to be stopped or stopping when their car was one and one-half blocks away and she immediately cautioned her husband. Although he testified he decelerated the movement of his car by removing his foot from the gas pedal and surveyed traffic with a view toward changing lanes, he asserted he failed to see the truck until he was six car lengths behind it. At this instant he slammed on his brakes and swerved to the right to avoid running under the trailer; however, the center of his left front fender collided with the right rear of the rig. It is to be noted that two automobiles proceeding in the same lane immediately in front of the Blanchard car safely maneuvered around the truck by changing lanes. Blanchard’s failure to see the tractor-trailer (48 feet in overall length) until six car lengths away is unexplained. Nor does the record disclose why Blanchard waited so long to begin braking his car if, as he claims, he responded to his wife’s warning, which was given when the truck was a block and a half away. We hold his failure to see the danger in sufficient time to avoid the accident was the sole proximate cause of its occurrence.
Plaintiffs argue that even if Blanchard’s negligence is conceded, his wife’s claim should not be denied because Wicks’ negligence — “a cause in fact”, of the accident— was, at the very least, a contributing proximate cause. They rely on the Dixie Drive It Yourself Sys. v. American Beverage Co.[2] decision and subsequent jurisprudence to argue, in effect, that the intervening negligence of Blanchard could not render Wicks’ negligence inactionable under any circumstance.
In Dixie, after defining cause in fact as a negligent happening without which the accident would not have occurred, the Court made pronouncements on widespread imprecise applications of the legal concepts of proximate and remote cause. The import of its discussion eludes us and we agree, as plaintiffs suggest, the language seems to indicate a negligent act — whether proximate or remote — will render a driver liable to any nondriver third party. However, Rowe v. Travelers Insurance Company,[3] a more recent Supreme Court decision, holds that actionable negligence is that which is a proximate cause of the injury. That decision controls this result because the facts are analogous. In Rowe the incident that set the chain of events in motion which ultimately resulted in injury was a motorist’s failure to remove his disabled car completely from the highway lane. But the proximate cause of the accident was the failure of the driver of the approaching vehicle to observe the stopped car in time to avoid the collision. In this case, Wicks’ slowing his rig on a high speed thoroughfare undoubtedly set the stage for this accident, but it was the intervening negligence of Blanchard in failing to observe the situation and timely act that was the proximate cause of the accident.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
REDMANN, J., dissents in part with written reasons.

. The posted minimum speed was 40 miles per hour. According to the plaintiffs, the defendant’s truck was barely moving — estimated at 10 miles per hour. The truck driver testified his vehicle was moving at 20 to 25 miles per hour when struck in the rear by plaintiffs’ car.

. 242 La. 471, 137 So.2d 298 (1962).

. 253 La. 659, 219 So.2d 486 (1969).