CHIASSON, Judge.
This is a suit for property damage brought by plaintiff-appellant, Ciro Bangs. The trial court denied Bangs recovery and rendered judgment in favor of defendants-appellees, Government Employees Insurance Company and George Sanders, on their reconventional demand for property damage.
The suit arises out of an accident that occurred around 10:30 P.M. on Interstate Highway 110 approximately one mile south of its intersection with Airline Highway in East Baton Rouge Parish. This was an unlighted section of the interstate that did not have a “shoulder" or neutral ground.
A friend of Bangs ran out of gas on the interstate and stopped his car in the far right (westernmost) lane. He called appellant for assistance and when Bangs arrived with the gas he stopped his vehicle, a 1965 Volkswagen, behind the stalled car and left his lights burning. The gas container brought by Bangs did not contain a spout and he was still attempting to pour the gas some fifteen to twenty minutes later when the accident occurred.
Testimony indicates that Reginald Sanders was driving his father’s car southbound at approximately 50 miles per hour in the far right lane of the interstate. He observed the vehicle which he was following in the westernmost lane swerve into the center lane and thereafter noticed the Bangs’ vehicle at a point estimated about twenty feet away. He attempted to change lanes, but was blocked by traffic in the next lane. He then swerved slightly to the left and struck the left rear of the Volkswagen. Both Reginald and a police officer testified that the taillights on the Volkswagen were very hard to see. The officer stated that the lights were so dim that he did not think they were functioning until he walked up to the vehicle.
Bangs brought suit for property damage and defendant-owner and his insurer, as subrogee, reconvened for property damage to defendant-owner’s vehicle.
The trial judge found Bangs negligent and denied him recovery on the principal demand. Influencing the trial judge’s decision were the failure of Bangs to bring a flashlight, an adequate method of pouring the gas, the stopping by Bangs of his vehicle to the rear of the stalled car and thus *1325 obscuring the emergency lights on the disabled vehicle, and the dim taillights on the Bangs’ vehicle. Recovery on the reconven-tional demand was permitted. We affirm.
La.R.S. 32:141(C) provides:
“The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.” '
It is clear that the mandate of this statute was violated. There is nothing in the record to dispute the trial judge’s finding that the lighting on the Volkswagen was insufficient to warn approaching traffic of the presence of a parked vehicle. We further conclude that violation of this statute constitutes negligence which was the proximate cause of the accident, and bars recovery by Bangs. Jones v. Firemen’s Fund American, 224 So.2d 555 (La.App. 3rd Cir. 1969); Gautreaux v. Pierre, 254 So.2d 476 (La.App. 3rd Cir. 1971); South Texas Lloyds v. Guarantee Ins. Co. of Texas, 299 So.2d 395 (La.App. 2nd Cir. 1974).
Bangs seeks to have a lesser standard of duty applied to him since he was allegedly a “rescuer.” It is true that a rescuer may not be held to the same degree of care as would normally apply. However, this is not a case where a person has acted upon a sudden impulse in coming to the aid of a person in immediate danger and application of the rescuer or Good Samaritan doctrine is not warranted.
Appellant further argues that the doctrine of last clear chance should be applied. For that doctrine to apply, the evidence must show “(F)irst, that the plaintiff was in a position of peril of which he was either unaware or unable to extricate himself; second, that the defendant was in a position to discover plaintiff’s peril; and third that, at such time, the defendant could have, with the exercise of reasonable care, avoided the accident.” Carmouche v. Capitol Transportation Corp., 306 So.2d 907 (La.App. 1st Cir. 1974), writs refused 309 So.2d 681 (La.1975).
It is apparent that Bangs could have extricated himself from the peril by taking appropriate safety measures. Furthermore, under circumstances where there is a dark highway with a lane obstructed by a vehicle with insufficient lighting, we cannot conclude that Reginald should have discovered Bangs’ peril. Nor did Reginald have time to avoid the accident once Bangs’ peril was actually discovered. Therefore, the doctrine of last clear chance is inapplicable.
For these reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.