SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit for damages arising out of an automobile accident which occurred at approximately 7 AM on March 15, 1978, at the intersection of Elysian Fields Avenue and North Robertson Street in New Orleans. The principal issue is whether the trial judge committed manifest error in concluding that plaintiff was contributorily negligent, thereby barring his recovery.
Elysian Fields is a wide divided boulevard consisting of four lanes on each side and an exceptionally wide neutral ground. It runs generally north-south and is favored over North Robertson Street which intersects at an approximate right angle. Prior to the accident, plaintiff was proceeding north on Elysian Fields and defendant was proceeding east on North Rpbertson. She entered the intersection from the neutral ground and ran into the left side of plaintiff’s automobile. The only witnesses testifying as to the facts of the accident were plaintiff, defendant, and the investigating police officer.
According to defendant, she came to a stop in the neutral ground before proceeding across Elysian Fields, looked to her right and saw nothing. She specifically denied seeing the plaintiff’s car at any time before the accident occurred. She stated that she rolled slowly into the intersection and collided with plaintiff in the middle lane of Elysian Fields. But plaintiff testified that he was in the extreme left lane of Elysian Fields prior to the accident, he did not see defendant or her car in the intersection and could not remember anything about the accident.
The investigating officer testified that he arrived on the scene about 20 minutes after the accident occurred. He took a statement from defendant but could not interrogate plaintiff because of his injured condition. He stated that defendant told him she had looked to her right and saw plaintiff’s vehicle “quite a distance away ... and [she] started across the intersection and all of a sudden this ear came speeding up in front of her and they collided.” From the location of the two automobiles and the debris which fell from them he determined that the accident took place in the third lane of traffic away from the neutral ground.
In reasons for judgment, dictated into the record at the conclusion of the trial, the judge rejected the testimony of both parties as “hard to believe.” However, he stated that he was impressed with the testimony of the police officer. He specifically found that the accident happened in the third lane from the neutral ground and that plaintiff was speeding, based on the report taken by the police officer from defendant and from plaintiff’s testimony that he was due at *160 work some distance away from the scene of the accident at the very time the accident happened, along with the records of his employer which showed that he was ultimately dismissed because of excessive tardiness.
Plaintiff argues primarily that the statement taken by the officer from defendant was inadmissible as hearsay. However, the hearsay objection was waived because the statement by the officer was elicited by plaintiff’s counsel, who asked him what defendant had told him as to how the accident occurred. While it is so that the question was asked in order to impeach the prior testimony by plaintiff that she saw nothing prior to the accident, plaintiff could not allow the testimony to be admitted for one purpose and disregarded for other purposes. The trial judge was aware of the contradictory statements by plaintiff, but it was his function to evaluate the reliability of the statement plaintiff made to the police officer shortly after the accident occurred.
In our review of the record we are more impressed with the finding that the accident occurred in the third lane away from the neutral ground and plaintiff’s testimony that he never saw defendant prior to the accident. He had a clear, unobstructed view of this intersection and he should have seen defendant leave the neutral ground and traverse two full lanes of traffic before she struck him in the third lane. His negligence consisted simply in his failing to see what he should have seen. McCain v. State Farm Mutual Automobile Ins. Co., 236 So.2d 922 (La.App. 3rd Cir. 1970).
In the application of the standards of appellate review, explained in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), we have determined that the record establishes that the trial court’s finding of contributory negligence on plaintiff’s part is not clearly wrong and the judgment appealed from is affirmed.
AFFIRMED.